UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DONALD ROBOHM AND NATALIE ROBOHM                                    PLAINTIFFS

V.                                               CIVIL ACTION NO. 1:08CV490-LTS-RHW

STATE FARM FIRE & CASUALTY COMPANY,                                 DEFENDANTS
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
AND JOHN DOES ONE THROUGH FIFTEEN

ORDER

      There are two motions pending in this cause of action, and they are related.  Defendant State Farm Mutual Insurance Company (State Farm Mutual), which is the parent company of Defendant State Farm Fire & Casualty Company (State Farm), has filed a [5] Motion to Dismiss.  In an effort to stave off this request, Plaintiffs have filed a [10] Motion to File Amended Complaint.  For the reasons set forth below, the Court is of the opinion that State Farm Mutual's motion should be granted, Plaintiffs' motion should be denied, and that this case should go forward between Plaintiffs and State Farm only.

      Because of the United States Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), this Court is no longer guided by the standard to be applied to a motion to dismiss established in *Conley v. Gibson*, 355 U.S. 41 (1957).  Instead of *Conley*'s test that dismissal is proper only if it appears that the Plaintiffs can prove no set of facts in support of their allegations that would entitle them to relief, *Twombly* requires that enough facts must be stated to support a claim to relief that is plausible on its face.

      Plaintiffs' [10] Motion to File Amended Complaint attempts to remove their cause of action from those which are typical of homeowner claims arising from Hurricane Katrina by charging State Farm Mutual with intentional fraud and conspiracy.  But this effort is not new to the Court, *see, e.g.*, *Perkins v. State Farm General Insurance Co., et al.*, No. 1:07cv116; and Plaintiffs' theory for imposing liability on State Farm Mutual under an insurance policy not only to which State Farm Mutual was not a party, but the terms of which have been recognized as valid, *see, e.g., Broussard v. State Farm Fire and Casualty Co.*, 523 F.3d 618 (5th Cir. 2008); *Tuepker v. State Farm Fire & Casualty Co.*, 507 F.3d 346 (5th Cir. 2007), has been rejected consistently.

      There is no need for the Court to recapitulate its discussions of corporate forms, *see, e.g., Perkins, supra*; *Bridgewater v. State Farm Fire and Casualty Co.*, No. 1:07cv1273 (Judge Ozerden), and Plaintiffs' attempt to distinguish their case from these rulings misses the mark.  No matter how Plaintiffs' label State Farm Mutual's alleged wrongdoing–as a "top-down, post-catastrophe fraudulent claims handling scheme," or as "institutional," or as part of a "civil

conspiracy," or as fraudulent–and try as they might to assert that they are not really trying to pierce the corporate veil or refer to State Farm and State Farm Mutual collectively, Plaintiffs' assertions against State Farm Mutual remain conclusory.  Interestingly, Plaintiffs even disclaim asking the Court to revisit class certification issues here, yet the broad brush they use contradicts this representation, especially with the labels referred to above.

It is too late in the day for general legal theories to control a contractual relationship that does not exist between Plaintiffs and State Farm Mutual, when it is State Farm, which issued the policy, with whom Plaintiffs are in privity.  As this Court has observed before, it is State Farm which owes Plaintiffs contractual obligations and the legal responsibility to evaluate their claims in good faith and respond appropriately.

Plaintiffs' complaint and their proposed amended complaint do not support a claim to relief against State Farm Mutual that is plausible on its face.  Under the standards of Fed. R. Civ. P. 12, State Farm Mutual will be dismissed from this cause of action.  It should go without saying that State Farm Mutual is excused from participating in the mediation process (docket entry [19]).

Accordingly, **IT IS ORDERED**:

State Farm Mutual's [5] Motion to Dismiss is **GRANTED**;

Plaintiffs' [10] Motion to File Amended Complaint is **DENIED**;

**SO ORDERED** this the 7th day of May, 2009.

>s/ L. T. Senter, Jr.
>L. T. SENTER, JR.
>SENIOR JUDGE