IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DONALD ROBOHM and NATALIE ROBOHM                                           PLAINTIFFS

VS.                                                                CAUSE NO: 1:08CV490-LTS-RHW

STATE FARM FIRE & CASUALTY COMPANY;
and STATE FARM JOHN DOES, One through Fifteen                              DEFENDANTS

## MOTION FOR PROTECTIVE ORDER

COMES NOW, the Defendant, State Farm Fire & Casualty Company (hereinafter "State Farm") and files this Motion for Protective Order, and would state unto the Court as follows:

### I. INTRODUCTION

1.      State Farm respectfully requests that the Court grant a protective order as to its production of certain proprietary, confidential and trade secret documents. The instant motion for a protective order differs from the many others requested from the Court in Katrina litigation in that in the instant case, the documents to be protected are not being sought by the plaintiffs from State Farm Fire. Instead, State Farm Fire subpoenaed documents from the non-party Mississippi Windstorm Underwriting Association (MWUA). (Docket Entry Number 39).

2.      Counsel for State Farm Fire has communicated with counsel for the MWUA regarding the subpoenaed documents. MWUA, through counsel, has informed counsel for State Farm Fire that MWUA is willing to produce the subpoenaed documents if an appropriate protective order is in place. Attached as Exhibit A is a proposed protective order that essentially mirrors protective orders entered by the Court in other Katrina litigation, except that language has been added to extend the protection of the order to documents produced by non-party MWAU.

3.      State Farm Fire asks the Court to allow parties and non-parties to produce

confidential documents pursuant to a protective order providing that the documents not be disclosed outside this litigation except to the following persons:

1. The parties and counsel of record for the parties in this litigation, including all associates, paralegals, and stenographic and clerical employees of the respective parties to this case;

2. Any outside witness, consultant, adviser or expert retained, deposed or consulted by a party for the purpose of obtaining such individual's advice or opinion regarding issues in this litigation, but only to the extent necessary for the individual to provide such advice or opinion and provided the individual has executed an appropriate agreement to maintain confidentiality in the form; and

3. The Court, including any Judge, Magistrate, or Judicial Law Clerk who is assigned to the case.

4. By letter dated November 3, 2009, counsel for State Farm Fire forwarded a copy of the proposed protective order to counsel for plaintiffs for his review and approval. To date, no response has been received regarding approval of the proposed protective order. Certification of consultation with Plaintiffs' counsel as to this motion is attached hereto as Exhibit "B".

## II. STANDARDS

5. Fed. R. Civ. P. 26 (c) permits the Court, for good cause shown, to make any order which justice requires to protect a party from annoyance, embarrassment, oppression or undue burden or expense, including, "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way[.]"

6. Courts have held that the purpose of this rule is to facilitate discovery: "If [parties] suspect that their trade secrets may fall into the wrong hands, parties may be uncooperative with respect to discovery requests. Assuring the safety of these sensitive

disclosures often has the effect of encouraging the apprehensive litigants to fully cooperate with the discovery process." *Andrew Corporation v. Rossi,* 180 F.R.D. 338, 340 (N.D. Ill. 1998), citing *In re Krynicki*, 983 F.2d 74, 75 (7th Cir.1992).

7. The Mississippi Uniform Trade Secrets Act defines a "trade secret" as:

>  (d) "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique or process, that:
>
>  (i) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and
>
>  (ii) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Miss. Code Ann. § 75-26-3(d).

8. It is well settled that trade secrets are a form of property which is protected by the Fifth Amendment to the United States Constitution. *See Carpenter v. United States*, 484 U.S. 19, 26, 108 S.Ct 316, 98 L.Ed. 2d 275 (1987). Thus, public knowledge of trade secrets through forced disclosure would constitute an uncompensated taking.

9. Courts have consistently held that an insurance company's claim manuals and training materials (including State Farm's claim manuals and training materials) constitute a trade secret or confidential information within Fed. R. Civ. P. 26(c)(7). *See Republic Services, Inc. v. Liberty Mutual Ins. Co.*, 2006 WL 1635655 (E.D. Ky.); *Hamilton v. State Farm Mut. Auto. Ins. Co.*, 204 F.R.D. 420 (S.D. Ind. 2001). In *Hamilton*, the court held in regard to State Farm claim materials:

> State Farm present[ed] sufficient evidence that its claims handling materials constitute trade secrets.

\* \* \*

> State Farm [made] a sufficient showing of good cause for the Court to enter a protective order by demonstrating a clear danger if its trade secrets are discovered by its competitors
>
> * * *
>
> The Court holds the documents in question fall within the meaning of Rule 26(c)(7), and that the potential dangers State Farm faces if a competitor gains access to its trade secrets and confidential information outweigh any legitimate interest one may possess in obtaining these documents. As a result, the Court finds that State Farm set forth good cause for the entry of a protective order.

*Hamilton*, 204 F.R.D. at 423-25.

### III. DISCUSSION

10. State Farm seeks protection as to documents produced pursuant to subpoena by third parties, specifically MWUA. In the instant case, plaintiffs' policy with State Farm Fire had a wind exclusion, meaning that damages to the structure caused by hurricane wind were excluded from payment under their State Farm Fire policy. However, plaintiffs had wind coverage at the time of Katrina with the MWUA.

11. The documents in question pertain to the wind claim made by plaintiffs with the MWUA. Counsel for State Farm Fire represents to the Court that MWUA paid for wind damage to the plaintiffs' dwelling. The factual basis for such payments, which may be contained in the subpoenaed documents, is relevant to the issues in the instant civil action.

12. Furthermore, MWUA is unwilling to respond to the subpoena without the entry of a protective order.

13. State Farm respectfully requests that the attached proposed protective order be entered in this matter. State Farms proposed protective orders have been entered by the Court in the past. By way of example, on February 29, 2008, this Court entered a substantively identical Consent Protective Order in the following matters: *Larry Abney v. State Farm Fire & Casualty*

*Co.*, Cause No. 1:07cv710, *Dorothy Alford v. State Farm Fire & Casualty Co.,* Cause No. 1:07cv814, *Dorothea Barker v. State Farm Fire & Casualty Co.*, Cause No. 1:07cv816, *John and Elizabeth Bell, IV v. State Farm Fire & Casualty Co.*, Cause No. 1:07cv716, Emily Carr *v. State Farm Fire & Casualty Co.*, Cause No. 1:07cv826, Edward and Wendy Cooley v . *State Farm Fire & Casualty Co.*, Cause No. 1:07cv726; on March 3, 2008, this Court entered State Farm Fire proposed protective orders in the following matters: *Susan Austin v. State Farm Fire & Casualty Co.*, Cause No. 1:07cv713, *Bonnie and Greg Beckman v. State Farm Fire & Casualty Co.*, Cause No. 1:07cv715, *Kearney and Denise Breland v. State Farm Fire & Casualty Co.*, Cause No. 1:07cv719, *Jason and Debbie Crawford v. State Farm Fire & Casualty Co.*, Cause No. 1:07cv727, *Telina Birch v. State Farm Fire & Casualty Co.*, Cause No. 1:07cv817, *Ernestine Bradley v. State Farm Fire & Casualty Co.*, Cause No. 1:07cv821, *Martha Bryant v. State Farm Fire & Casualty Co.*, Cause No. 1:07cv823, *Linnia Carr v. State Farm Fire & Casualty Co.*, Cause No. 1:07cv827, *Ricky and Martha Broadus v. State Farm Fire & Casualty Co.*, Cause No. 1:07cv721, *Thomas and Thelma Cobb v. State Farm Fire & Casualty Co.*, Cause No. 1:07cv725, *and Larry Abney v. State Farm Fire & Casualty Co.*, Cause No. 1:07cv711; on March 5, 2008, the Court entered State Farm Fire proposed protective orders in *David and Alma Burton* v. *State Farm Fire & Casualty Co.*, Cause No. 1:07cv723; on March 26, 2008, the Court entered State Farm Fire proposed protective orders in *Jean Brown v. State Farm Fire & Casualty Co.*, Cause No. 1:07cv822, *Harry and Joanna Burke v. State Farm Fire & Casualty Co.*, Cause No. 1:07cv722, *Martha Bryant v. State Farm Fire & Casualty Co.*, Cause No. 1:07cv824 and *Francis and Patrick Arnona v. State Farm Fire & Casualty Co.*, Cause No. 1:07cv712; on March 3, 2008, the Court entered State Farm Fire proposed protective orders in the following matters: *Thomas and Susan Erhardt v. State Farm Fire & Casualty Co.*, Cause No. 1:07cv734, *Cora*

*Creighton v. State Farm Fire & Casualty Co.*, Cause No. 1:07cv832, *Artie Doty v. State Farm Fire & Casualty Co.*, Cause No. 1:07cv836, *Kim David v. State Farm Fire & Casualty Co.*, Cause No. 1:07cv834, *Charles and Susan Freeman v. State Farm Fire & Casualty Co.*, Cause No. 1:07cv738, *Royce and Anna Garrison v. State Farm Fire & Casualty Co.*, Cause No. 1:07cv742 and *Richard and Merileight v. State Farm Fire & Casualty Co.*, Cause No. 1:07cv740; on April 1, 2008, the Court entered proposed protective orders in the following matters: *Vernon and Lela Doster v. State Farm Fire & Casualty Co.*, Cause No. 1:07cv731, *Marisa Dalla Valle v. State Farm Fire & Casualty Co.*, Cause No. 1:07cv833, *Eva Mae Fairley v. State Farm Fire & Casualty Co.*, Cause No. 1:07cv837, *Jess and Debbie Davis, III v. State Farm Fire & Casualty Co.*, Cause No. 1:07cv729, *Ben and Kathy Foster v. State Farm Fire & Casualty Co.*, Cause No. 1:07cv737, *Lewis and Elizabeth Elford v. State Farm Fire & Casualty Co.*, Cause No. 1:07cv733, *Debra and Dennis Finn v. State Farm Fire & Casualty Co.*, Cause No. 1:07cv735 and *Jerry and Linda Garner v. State Farm Fire & Casualty Co.*, Cause No. 1:07cv741; on June 3, 2008, the Court entered State Farm Fire proposed protective orders in the following matters: *Curtis Standfuss v. State Farm Fire & Casualty Co.*, Cause No. 1:07cv793 and *David Lagasse v. State Farm Fire & Casualty Co.*, Cause No. 1:07cv761.

14.     Although the attached proposed protective order is the first to extend its protections to documents produced by a non-party, it is otherwise similar to the above-listed orders.

WHEREFORE PREMISES CONSIDERED, State Farm respectfully requests that the Court find that the documents identified above constitute trade secrets and enter the proposed protective order attached hereto as Exhibit A.

        RESPECTFULLY SUBMITTED,

        STATE FARM FIRE AND CASUALTY COMPANY

        HICKMAN, GOZA & SPRAGINS, PLLC
        Attorneys at Law
        Post Office Drawer 668
        Oxford, MS 38655-0668
        (662) 234-4000

BY: */s/ H. Scot Spragins*
     H.  SCOT SPRAGINS, MSB # 7748

## CERTIFICATE OF SERVICE

I, **H. SCOT SPRAGINS**, one of the attorneys for the Defendant, **STATE FARM FIRE & CASUALTY COMPANY**, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

DATED, November 20, 2009

*/s/ H. Scot Spragins*
**H. SCOT SPRAGINS**

H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000