IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DONALD ROBOHM and NATALIE ROBOHM                     PLAINTIFFS

VS.                              CAUSE NO: 1:08CV490-LTS-RHW

STATE FARM FIRE & CASUALTY COMPANY;
and STATE FARM JOHN DOES, One through Fifteen               DEFENDANTS

**MOTION FOR CLARIFICATION OF, OR IN THE ALTERNATIVE TO
RESCIND, TEXT ORDER EXTENDING DISCOVERY DATED
DECEMBER 7, 2009**

Comes now the defendant, State Farm Fire and Casualty Company, and moves the Court for clarification of its December 7, 2009, text order extending the discovery and motion-filing deadlines in the above-styled case. In the alternative, State Farm asks the Court to rescind the December 7 extension of the discovery deadline and thereby effectively close discovery in the instant case.

      1.       The original Case Management Order [18], entered March 18, 2009, established a discovery deadline of November 2, 2009, and a motion deadline of November 16, 2009, in the above-styled case.

      2.       On October 29, 2009, the parties filed an agreed motion [54] requesting extensions of the deadlines. The Court granted the parties' motion and pursuant to a text order dated October 30, 2009, extended the discovery deadline until December 2, 2009, and the motions deadline until December 17, 2009.

      3.       After the Court's October 29, 2009, extension of the deadlines, State Farm Fire filed its Second Motion [68] to Extend Dispositive Motion and Limited Discovery Deadline. The Court addressed the second motion [68] to extend deadlines in its December 7 text order. In the order, the Court partially granted the motion and wrote, "The motion is granted only to the extent that

discovery is extended to 1/4/2010 and the motions deadline is extended to 1/19/2010."

4. State Farm Fire interprets the December 7, 2009, order to grant the relief requested in its second motion [68] to extend deadlines, and therefore to have granted the discovery extension for the limited purpose of allowing the depositions of the individuals named in the second motion [68] for an extension. (Second Motion [68] for Extension at ¶ III).

5. However, since the entry of the order, the plaintiffs have propounded or filed the following discovery or discovery-related materials: (1) Interrogatories as indicated by the Notice [70] of Service of Interrogatories filed December 10, 2009; (2) Requests for production as indicated by the Notice [71] of Service of Request for Production filed December 10, 2009; (3) plaintiffs' Designation [72] of Experts filed December 11, 2009;[1] and on December 16, 2009, a notice [74] to take the 30(b)(6) deposition of State Farm Fire. Copies of the Interrogatories and Requests for Production are attached hereto as Exhibits A and B, respectively.

6. Given the eruption of discovery-related activity emanating from the plaintiffs after the entry of the Court's December 7 text order, plaintiffs apparently misinterpreted the order as a general re-opening of discovery, rather than an order granting the limited relief requested by State Farm Fire in its Second Motion [68] to Extend Dispositive Motion and Limited Discovery Deadline.

7. Accordingly, State Farm Fire respectfully seeks clarification of the December 7 order, and asks the Court to find that the extension of the discovery deadline to January 4, 2010, therein granted is limited to the taking of the three depositions described in State Farm Fire's motion.

8. Trial in the instant civil action is set for May 3, 2010, less than five months from

---

[1] Given the incredible lateness of the designation of experts, State Farm Fire filed a motion [73] to strike same.

2

today. The dispositive motion deadline is January 19, 2010. Plaintiffs's attempt to expand discovery activity at the current late date, if allowed, creates a nearly impossible situation.

9.    As noted above, the original Case Management Order [18] was entered March 18, 2009, yet plaintiffs have waited until nearly nine months later and until after two extensions of the discovery deadline to propound discovery that could have been propounded months ago. Not only have plaintiffs waited literally for months to take an interest in their case against State Farm Fire, they have propounded far-reaching and broad discovery requests in a case in which the only issue involving State Farm Fire is whether Additional Living Expenses are owed pursuant to the underlying homeowners' policy.[2]  A brief review of requested discovery, particularly the 30(b)(6) Notice [74] clearly indicates that plaintiffs seek discovery completely irrelevant to the issues of this case, but upon topics which this very Court has ruled inappropriate. As such, plaintiffs' requested discovery will prompt considerable future litigation and Court intervention – all to be accomplished within a couple of weeks and during the holidays.  Copies of the Notice of 30(b)(6) Video Deposition and Plaintiffs' Designation of Expert Witnesses are attached hereto as Exhibits C and D respectfully.

10.    Accordingly, in the event that the Court denies the above-requested clarification of its December 7, 2009, order, State Farm Fire requests in the alternative that the Court rescind the portion of its order extending the discovery deadline. Doing so would effectively end discovery and allow the parties to concentrate on motions and readying themselves for the upcoming trial. State Farm Fire would rather forego the scheduled depositions than attempt the broad re-opening of

---

[2]As the Court is aware, flood damages are excluded under the policy. Moreover, the underlying policy in the instant case excluded coverage as to wind damage.

discovery sought by plaintiffs at the current late date.

WHEREFORE, PREMISES CONSIDERED, the defendant, State Farm Fire and Casualty Company, requests the Court to clarify its December 7, 2009, text order extending discovery or, in the alternative, rescind the portion of the order extending the discovery deadline in the above-styled case until January 4, 2010.  Given the straightforward nature of the instant motion, State Farm Fire requests to be excused from the L.U.CIV.R. 7.2 requirement of an accompanying memorandum brief.

    Respectfully submitted,

    STATE FARM FIRE & CASUALTY COMPANY

    HICKMAN, GOZA & SPRAGINS, PLLC
    Attorneys at Law
    Post Office Drawer 668
    Oxford, MS 38655-0668
    (662) 234-4000

BY:   */s/ H. Scot Spragins*
      H.  SCOT SPRAGINS, MSB # 7748

## CERTIFICATE OF SERVICE

I, **H. SCOT SPRAGINS**, one of the attorneys for the Defendant, **STATE FARM FIRE & CASUALTY COMPANY**, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

DATED: December 18, 2009.

                                                   */s/ H. Scot Spragins*
                                                 **H. SCOT SPRAGINS**

H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000