IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DONALD ROBOHM and
NATALIE ROBOHM,                                                    PLAINTIFFS

VERSUS                         CIVIL ACTION NO.: 1:08CV490-LTS-RHW

STATE FARM FIRE & CASUALTY COMPANY; STATE
FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
and STATE FARM JOHN DOES, One through Fifteen         DEFENDANTS

---

**PLAINTIFFS' MOTION TO RECONSIDER**

---

COME NOW the Plaintiffs, Donald Robohm and Natalie Robohm, by and through undersigned counsel, and file this, their Motion to Reconsider, and in support thereof would show unto this Honorable Court the following, to-wit:

1. The Plaintiffs set forth in their Response to Defendant's Motion for Clarification that the Defendant failed to provide a date for the Federal Rules of Civil Procedure Rule 30(b)(6) deposition of State Farm Fire & Casualty Company. The Notice of Deposition was filed within the thirty (30) day period of time in which to complete discovery; specifically, it was filed on December 16, 2009. The discovery deadline is currently January 4, 2010. Plaintiffs requested that the deposition be provided before January 4, 2010.

2. Plaintiffs have fully and completely responded to any discovery submitted by Defendant State Farm. Specifically, Pre-Discovery Information was provided to State Farm on May 2, 2009, Interrogatory responses were provided to State Farm on July 14, 2009, Request for Production responses

were provided to State Farm on July 15, 2009, Natalie Robohm submitted to deposition on July 15, 2009, Donald Robohm submitted to depositions on July 14, 2009 and again on September 29, 2009. Plaintiffs have not objected to any of State Farm's numerous and irrelevant subpoenas, any of their immaterial depositions including Ted Biddy (an engineer disclosed in core disclosures and discovery responses), Aaron Masters (prepared the Elevation Certificate and was disclosed in core disclosures and discovery responses), Brad Bounds (appraiser disclosed in core disclosures and discovery responses), Herb Moore (decorator disclosed in core disclosures and discovery responses).

3.  The Defendant has requested two extensions of the discovery deadline. On each occasion counsel for Plaintiffs agreed to the extension provided that the deadline be extended for all parties. Otherwise, Plaintiffs would be at the mercy of the Defendant and would not be free to follow-up on anything that was found in discovery. This was the agreement and reason for the Plaintiffs' lack of opposition in Defendant's repeated extensions of discovery deadlines. Plaintiff has not ever sought an extension. (See counsel's Affidavit attached hereto as Exhibit 'A').

4.  In lieu of having to provide Plaintiffs with discovery responses, even on the limited issue of additional living expenses that is the basis of this lawsuit, Defendant asked for clarification, or essentially modification of this Court's previous Order to allow only the Defendant discovery that State Farm wishes to occur. Of course this is after they have already taken all the depositions they wanted except one. (See depositions attached as Exhibit 'B'). Hence, by granting State Farm's Order the Court has basically allowed State Farm to 'have its cake and eat it too' to the considerable detriment of the

Plaintiffs.

5. Furthermore, State Farm has identified a fourth set of disclosures to the Plaintiffs which they admitted are relevant and required by the Rules, but which have not to this date been delivered to the Plaintiffs. Hence, State Farm, unlike Plaintiffs, has not even completed this required duty to provide the case information required by Federal Rules of Civil Procedure, Rule 26. (See Core Disclosures made by State Farm attached as Exhibit 'C').

6. In the alternative to allowing the Plaintiffs to receive discovery responses from State Farm, the Plaintiffs request that this Court consider their request and order State Farm to provide discovery that is relevant to this case.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this, their Motion to Reconsider be received and filed, and that upon a full and complete hearing hereon, this Honorable Court will set aside its Order granting the Defendant, State Farm Fire & Casualty Company's, Motion for Clarification and allow discovery to be received by the Plaintiffs from the Defendant. Plaintiffs pray for such other, further and general relief to which they may be entitled in the premises.

RESPECTFULLY SUBMITTED this, the 6th day of January, 2010.

DONALD ROBOHM AND NATALIE ROBOHM,
Plaintiffs

By and Through Their Attorneys,
LUCKEY & MULLINS, PLLC


BY: _____Stephen W. Mullins_____
STEPHEN W. MULLINS

ATTORNEYS FOR PLAINTIFFS:

STEPHEN W. MULLINS (MS Bar No. 9772)
LUCKEY & MULLINS, PLLC
2016 Bienville Boulevard, Suite 102  (39564)
Post Office Box 990
Ocean Springs, MS  39566-0990
(228) 875-3175
(228) 872-4719 (fax)