**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**DONALD ROBOHM and
NATALIE ROBOHM**                                                                      **PLAINTIFFS**

**VERSUS**                                              **CIVIL ACTION NO. 1:08cv490-LTS-RHW**

**STATE FARM FIRE &
CASUALTY COMPANY**                                                              **DEFENDANT**

**ORDER**

Before the Court is [73] Defendant's December 16, 2009 motion to strike [72] Plaintiffs'

December 11, 2009 designation of experts.  Defendant urges the Court to strike the designation

as untimely since Plaintiffs' deadline for expert designation expired July 1, 2009 pursuant to [18]

the Court's March 18, 2009 scheduling order.

Plaintiffs respond [76] that they disclosed the reports of the two designated experts

"during the course of submitting a claim to [Defendant] in their attempts to recover their

additional living expenses provided in the policy of insurance;" that they again disclosed the two

experts on July 14, 2009; that they attached to discovery responses a copy of the disclosure which

included the expected testimony and CVs of the two witnesses; that Rule 26 information was

provided Defendant with Plaintiffs' pre-discovery disclosures; and that Defendant is familiar

with the experts and has "deposed them many times in other matters."  Plaintiff asserts State

Farm has therefore not been prejudiced.  Plaintiffs further state that their failure to file the

designation "was inadvertent and was complicated by the Defendant's repeated requests for

extensions in this matter to which Plaintiff always agreed,"[1] and that Plaintiffs' counsel is also handling another matter for Plaintiffs concerning Hurricane Katrina property damage "which is tracking this case."[2]

In reply [77] Defendant points out that Plaintiffs' response offers "no legitimate explanation for their failure to timely designate expert witnesses."  Defendant also correctly notes that the fact that Defendant has encountered the witnesses at issue in other lawsuits neither relieves Plaintiffs of their obligations with respect to the instant litigation, nor explains their failure to comply with the case management order entered in this case in March 2009.  Finally, Defendant points out that Plaintiffs only began conducting discovery in December 2009, after the Court extended the December 2, 2009 discovery deadline to January 4, 2010.

The Court enters scheduling orders for the purpose of controlling and managing litigation in an orderly fashion.  Rule 16(b)(4), *Fed. R. Civ. P.*, provides that the scheduling order entered by the Court may be modified "only for good cause and with the judge's consent."  The Court finds no good cause has been shown in this case; indeed, Plaintiffs never even requested modification of the scheduling order with respect to their expert deadline.  They simply waited to designate their experts until some five months after their deadline expired, four months after Defendant had designated its experts, and another week after discovery would have expired

---

[1] The docket reflects that Defendant filed [54] a joint motion of the parties for extension of the discovery and motions deadlines on 10/29/2009, which the Court granted by text order entered 10/30/2009; and [68] a 12/2/2009 motion to extend discovery to allow for completion of three depositions the parties had been unable to agree upon scheduling, and to extend the motions deadline accordingly.  The Court granted [68] in part by text order entered 12/7/2009.  Since both these motions were filed months after Plaintiffs' expert deadline had already expired, it is inconceivable that their filing hampered Plaintiffs' ability to timely designate their experts.

[2] Plaintiffs offer no further identification of this "matter" and the Court finds no other case pending in which the Robohms are parties.

altogether but for Defendant's limited motion to extend it.  The Court will not condone such behavior, and will enforce the terms of its scheduling order.  It is therefore,

ORDERED, that the motion to strike Plaintiffs' untimely designation of experts is granted, this the 7th day of January, 2010.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE