IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DONALD ROBOHM and
NATALIE ROBOHM,                                                   PLAINTIFFS

VERSUS                          CIVIL ACTION NO.: 1:08CV490-LTS-RHW

STATE FARM FIRE & CASUALTY COMPANY; STATE
FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
and STATE FARM JOHN DOES, One through Fifteen     DEFENDANTS

### APPLICATION FOR REVIEW OF, AND OBJECTION TO, JANUARY 7, 2010 ORDER OF UNITED STATES MAGISTRATE JUDGE

COMES NOW, the Plaintiffs, Donald and Natalie Robohm, by and through undersigned counsel, pursuant to Rule 72(b) of the Fed. R. Civ. P. and Rule 72.1 of the Uniform Local Rules, and submits herewith their Application for Review of, and Objection to, [84] January 7, 2010, Order of United States Magistrate Judge, and would show unto this Honorable Court the following:

1.      Plaintiffs appeal and seek review of the United States Magistrate's [84] Order of January 7, 2010. In this regard, Plaintiffs adopt herein by reference the Designation of Expert Witnesses [72], the Defendant's Motion to Strike Experts [73], and Plaintiffs' Response to Motion to Strike [76]. Further, the Plaintiffs respectfully requests that the Honorable District Court Judge vacate, reverse, and/or modify the findings and rulings made in the United States Magistrate Judge's [84] Order granting Defendant's Motion to Strike Experts [73].

2.      This application is filed to correct a prejudicial error of the Magistrate Judge striking the untimely filed Designation of Expert Witnesses [72].

    3.    Plaintiffs incorporate the following as exhibits to this application:

    a. Plaintiffs' Pre-Discovery Disclosure of Core Information dated May 22, 2009 as Exhibit 'A'

    b. Plaintiffs' Responses to State Farm Fire & Casualty Company's First Set of Interrogatories as Exhibit 'B'

    c. Plaintiffs' Response to State Farm Fire & Casualty Company's First Set of Requests for Production of Documents as Exhibit 'C'

    d. Plaintiff Donald Robohm's deposition excerpts taken on July 14, 2009 as Exhibit 'D'

    e. Plaintiffs' Designation of Expert Witnesses (Ted Biddy, an engineer, and Stephen Wistar, a meteorologist) as Exhibit 'E'

<u>Introduction to Factual History</u>

1. During the claims handling process, prior to litigation, State Farm was given a copy of the Plaintiffs' expert reports. Pre-Discovery Information was provided to State Farm on May 2, 2009 which, again, contained a copy of the said reports. Interrogatory responses were served upon State Farm on July 14, 2009 and Request for Production responses were served upon State Farm on July 15, 2009. Both responses contained information regarding the expert witnesses and the Response to Request for Production again contained a copy of the expert reports. The Responses to Request for Production and Interrogatories included the curriculum vitae, opinions and reports of each expert, requirements of Fed. Rules of Civil Procedure at Rule 26. Natalie Robohm submitted to deposition on July 15, 2009. Donald Robohm submitted to depositions on July 14, 2009 and again on September 29, 2009. In each of

the depositions the Plaintiff provided expert and fact witness disclosures to State Farm.

2. The Plaintiffs' untimely filed their Designation of Expert Witnesses [72] immediately upon discovery of the omission.

3. Upon receiving the information disclosed, as set forth above, State Farm proceeded to issue a subpoena to expert witness Ted Biddy and requested deposition dates for both experts, Ted Biddy (engineer) and Stephen Wistar (meteorologist). The deposition of Ted Biddy commenced on January 4, 2010.

4. State Farm has deposed other witnesses in this matter disclosed in Plaintiffs discovery responses, depositions and pre-discovery disclosures.

5. On January 7, 2010 the Magistrate Judge entered an Order granting Defendant's Motion to Strike Plaintiffs' expert witnesses, Ted Biddy and Stephen Wistar based upon the untimely filing of the formal document entitled Designation of Expert Witnesses. This Order unduly punishes the Plaintiffs and erroneously elects form over substance.

Law in Support of Plaintiffs' Request for Reversal of Order

6. Considering the information provided above, the Plaintiffs request that this Court find that any perceived failures be found harmless as is permitted under Federal Rules of Civil Procedure at Rule 37, as Plaintiffs provided all required information. Rule 37 provides as follows:

> Rule 37(c)(1). Failure to Disclose or Supplement. If a party fails to provide information to identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or is harmless.

7. Plaintiffs request that this Court reconsider its Order of January 7, 2010 granting State Farm's Motion to Strike, and to find that any perceived

failures were harmless in light of the fact that the disclosures were made during the course of discovery. The Order, as it stands, restricts the Plaintiffs' use of their experts reducing their testimony only to rebuttal to the Defendant's expert testimony.

8. Defendant's Motion to Strike Plaintiff's Expert Desigantion is due to be denied because all four (4) factors for set forth in the Fifth Circuit in *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 882-883 (5th Cir. 2004) weigh heavily against striking Plaintiffs' expert designation. The factors to be considered before striking an expert designation are: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 882-883 (5th Cir. 2004) The above factors weigh heavily against striking Plaintiffs' expert designation of Ted Biddy and Stephen Wistar. Plaintiffs will address each factor in turn.

The first factor for determining whether Plaintiff's' designation of Ted Biddy and Stephen Wistar should be striken is the explanation the Plaintiff gives in their Expert Designation and Response to Motion to Strike for the failure to identify the witness. *Id* at 882-883. Plaintiffs had previously identified Ted Biddy and Stephen Wistar in the process of making their claim before litigation, in pre-discovery disclosures after litigation was initiated, in interrogatory responses, in response to request for production of document, in deposition of both Plaintiffs and by submitted both experts for their depositions. Ted Biddy was deposed by State Farm on January 4, 2010. Defendants do not

dispute this. As such, the first factor weights against the Defendant, and in favor of the Plaintiffs.

The second factor for determining whether Plaintiff's'designation of Ted Biddy and Stephen Wistar should be striken is the importance of their testimony. *Id.* at 882-883. Ted Biddy's testimony is very important in Plaintiffs' case because the engineering report sets forth an objective view of the cause of loss sustained in the effects of Hurricane Katrina which is the basis for this lawsuit. Stephen Wistar's testimony is very import in Plaintiffs' case because the meteorology report sets forth an objective opinion of the weather related effects occurring at the Plaintiffs' residence during Hurricane Katrina. Both opinions are important to Plaintiffs' case because they will allow the jury to hear a quantifiable analysis of the damages caused to the residence and the effects that caused the damages made the subject of this lawsuit. As such, the second factor weights heavily against the Defendant, and in favor of the Plaintiffs.

The third factor for determining whether Plaintiffs' designation of Ted Biddy and Stephen Wistar should be striken is the potential prejudice in allowing the testimony. *Id.* at 882-883. As noted above, Plaintiffs identification of Ted Biddy and Stephen Wistar was made well before litigation was initiated, to State Farm, and in pre-discovery disclosures shortly after the Complaint was filed. The Defendants did not sustain any unfair surprise by the Plaintiffs filing their Designation of Experts untimely. As such, the third factor weighs heavily against the Defendant, and in favor of the Plaintiffs.

The fourth factor for determining whether Plaintiffs' designation of Ted Biddy and Stephen Wistar should be striken is the availability of a continuance to cure such prejudice. *Id.* at 882-883. In the matter *sub judice*, there is no

need for a continuance of any deadline because Defendant has not, nor can they show, any prejudice. As such, the fourth factor weighs heavily against the Defendant, and in favor of the Plaintiffs.

Finally, it should be noted that Defendant failed to cite one factor which the Fifth Circuit has established for purposes of determining whether an expert designation should be striken, as set forth in *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 882-883 (5th Cir. 2004). Defendant's only argument is that the untimely filing, by itself, provides grounds for the expert designation to be striken. This is an argument that simply puts form before substance. Such a finding is not supported by caselaw in the Fifth Circuit. Further, such a finding would result in extremely harsh result to the Plaintiffs, when Defendant has not shown, nor can they show, any prejudice by the designation of Ted Biddy and Stephen Wistar. The implementation of the Order [84] also may cause confusion to the Jury when the Plaintiffs are not allowed to use their experts.

WHEREFORES, premises considered, the Plaintiffs request that the Order [84] of United State Magistrate Judge be vacated, reversed, and/or modified such that the Plaintiffs are allowed to use the testimony at trial of their expert witnesses [72], for oral argument if deemed necessary and for such other relief as deemed appropriate.

RESPECTFULLY SUBMITTED this, the 19th day of January, 2010.

> DONALD ROBOHM AND NATALIE ROBOHM,
> Plaintiffs
>
> By and Through Their Attorneys,
> LUCKEY & MULLINS, PLLC
>
> BY: _____Stephen W. Mullins_____
>      STEPHEN W. MULLINS

ATTORNEYS FOR PLAINTIFFS:
STEPHEN W. MULLINS (MS Bar No. 9772)
LUCKEY & MULLINS, PLLC
2016 Bienville Boulevard, Suite 102  (39564)
Post Office Box 990
Ocean Springs, MS  39566-0990
(228) 875-3175
(228) 872-4719 (fax)

## CERTIFICATE OF SERVICE

I, Stephen W. Mullins, counsel for Plaintiffs, do hereby certify that I have this day electronically filed the foregoing with the Clerk of this Court using the ECF system which sent notification of such filing to all Counsel of Record in this Court.

This, the 19th day of January, 2010.

                                                                     /s/Stephen W. Mullins  
                                                                     STEPHEN W. MULLINS