IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DONALD ROBOHM and
NATALIE ROBOHM,

                             PLAINTIFFS

VERSUS         CIVIL ACTION NO.: 1:08CV490-LTS-RHW

STATE FARM FIRE & CASUALTY COMPANY; STATE
FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
and STATE FARM JOHN DOES, One through Fifteen

                             DEFENDANTS

### PLAINTIFF'S MOTION IN LIMINE REGARDING USE AND EFFECT OF PAYMENTS MADE UNDER FLOOD POLICY

COME NOW the Plaintiffs, by and through counsel, and moves the Court *in limine* to enter an Order prohibiting the Defendant, State Farm Fire & Casualty Company ("State Farm"), its counsel, representatives, agents, employees, or witnesses from referencing or attempting to utilize at trial of this cause any evidence, testimony, or argument relating to the payment of proceeds to the Plaintiffs under a flood insurance policy. In support of this Motion *in Limine*, Plaintiffs would state unto the Court the following, to-wit:

1. Plaintiffs purchased a flood insurance policy separate and apart from the policy of insurance that is the subject of this litigation, and receipt of policy benefits because of that purchase should be treated as a collateral source and excluded under the collateral source doctrine. Moreover, receipt of flood insurance proceeds is irrelevant. Alternatively, any relevance of such evidence is outweighed by issues of undue prejudice, confusion, and other Miss. R. Evid. 403 (2009) considerations.

1

2. The issue in this case relates to Plaintiffs' entitlement to policy proceeds due the Plaintiffs under a policy of insurance policy issued by Defendant State Farm. Plaintiffs will establish that substantial additional amounts should have been paid under that policy; and that Defendant's failure to do so was a result of gross negligence and bad faith conduct, including lack of adequate investigation.

3. The Mississippi Collateral Source Rule states:

> [c]ompensation or indemnity for the loss received by plaintiff from a collateral source, wholly independent of the wrongdoer, as from insurance, cannot be set up by the latter in mitigation or reduction of damages...."

*Brandon HMA, Inc. v. Bradshaw*, 809 So.2d 611, 618 (Miss. 2001) (citing *Coker v. Five-Two Taxi Serv., Inc.*, 211 Miss. 820, 826, 52 So.2d 356, 357 (1951)). "In other words, a tortfeasor cannot use the moneys of others (insurance companies, gratuitous gifts, etc.) to reduce the cost of its own wrongdoing." *Id.* (citing *McCary v. Caperton*, 601 So.2d 866, 869 (Miss.1992); *Star Chevrolet Co. v. Green*, 473 So.2d 157, 162 (Miss.1985); *Clary v. Global Marine, Inc.*, 369 So.2d 507, 509 (Miss.1979), *Guyote v. Mississippi Valley Gas Co.*, 715 F.Supp. 778, 780 n. 1 (S.D.Miss.1989). As with any collateral source, Defendant should not be permitted to mitigate its own liability by using proceeds paid under an entirely different policy backed by the United States government. *See*, *Thornton v. Sanders*, 756 So. 2d 15, 18 (Miss.App. 1999), and cases cited therein.

4. Nothing in the State Farm policy allows Defendant to utilize the flood insurance proceeds to its benefit. **Defendant** does not contend that any overlap exists between what is covered under the flood policy and what is covered under its policy of insurance. Thus, the "subrogation" provision of the policy does not apply in this case.

5. Neither Donald or Natalie Robohm were required to sign any proof of loss or other statement in order to receive flood proceeds from the United States government. Indeed, they were not required to acknowledge or attribute any of the damage in question to flood. Moreover, Plaintiffs were not provided with any prior notice that Defendants would attempt to use the acceptance of proceeds under a separate policy of flood insurance, limited as they were, in mitigation of contract benefits owed under the State Farm insurance policy. Thus, no election of remedies or judicial admission or estoppel applies in this case. *See, e.g., Reyes v. Delta Dallas Alpha Corp.*, 199 F.3d 626 (2nd Cir. 1999) (Jones Act seaman's acceptance of voluntary interim payments from the New York Workers Compensation Board did not waive entitlement to damages under the Jones Act where seaman never received a formal workers' compensation award settling the matter of his injury and never advanced an intention to waive redress under the Jones Act); *see also, Harrison Co. v. Norton,* 146 So. 2d 327 (Miss. 1962).

6. In *Norton*, the Mississippi Supreme Court discussed in detail the analogous situation of whether a workers compensation claimant could recover benefits in one state and subsequently claim benefits under the Mississippi act. Concluding that receipt of benefits under another state's workers' compensation act would not bar entitlement under the Mississippi act, the Court held that where the statute does not make receipt of benefits exclusive, then, subject only to the double recovery rule, successive awards in different states would be permitted. *See also, Genesis Ins. Co. v. Wausau Ins. Co.*, 343 F.3d 733 (5th Cir. 2003) (discussing Mississippi's "volunteer doctrine" whereby acceptance of payments voluntarily made may not affect entitlement to other benefits).

7. There is no evidence to support any claim by Defendant that Plaintiffs' acceptance of flood insurance proceeds was intended as an election of remedies or admission of cause of loss. Indeed, the proof is un-contradicted that Plaintiffs were vigorously pursuing its claims under the State Farm insurance policy and maintaining that the losses to their home were covered under the subject policy of insurance.

8. Proof of payment of flood insurance proceeds should also be excluded because it is not relevant to any issue in this case. Specifically, the payment of flood insurance benefits is not probative of the extent to which wind caused damage to the home. Indeed, the federal government has admitted that procedures used for the payment of flood claims during Hurricane Katrina do not permit a determination of how much a particular damage was caused by wind and how much by water. Clearly, there is no proof whatsoever that the Plaintiffs' acceptance of benefits under a separate flood insurance policy was an admission by Plaintiffs that any portion of their loss was caused by storm surge flooding.

9. The State Farm policy at issue is an "all risk" policy. Specifically, it pays for direct physical loss to property except for losses excluded. As explained in *Couch*, "traditional policies— sometimes called 'named perils' or 'specific perils' policies—exclude all risks not specifically included in the contract, while 'all-risk' policies take the opposite approach - - all risks are included in the coverage unless specifically excluded in the terms of the contract." *Id.* ("All Risk" Versus "Named Perils Contracts").

10. Under well established principles regarding "all risk" policies, once the insured demonstrates a loss to the covered property, the <u>burden of proof</u> shifts to the insurer to establish that the loss falls within an exclusion. 17 *Couch on Insurance* § 254:15 (3 ed. 2005). The

insured assumes "the burden of showing a fortuitous loss," with "the insurer then assuming the obligation to show the applicability of any named exclusions." *Id.* As succinctly stated in 10 A *Couch on Insurance* § 148:52 (3 ed. 2005), "Burden of Proof": "the insured has the initial burden of showing the existence of a loss under an 'all risk' policy with the burden then shifting to the insurer to show exceptions to coverage."

11. It is undisputed that Plaintiffs' home sustained a direct physical loss as required by the terms of the policy. Thus, all damage to the Plaintiffs' home is covered under the State Farm policy unless the insurer can establish the applicability of a valid exclusion. Mississippi law is clear that the burden of proving that a loss is excluded falls on the insurer. *Commercial Union Ins. Co. v. Byrne*, 248 So. 2d 777, 782 (Miss. 1971); *see also, Britt v. Travelers Ins. Co.*, 566 F.2d 1020, 1022 (5th Cir. 1978) (comparing burden in all risk policy [*Byrne*] to burden under "named perils" policy *[Lunday v. Lititz Mutual Ins. Co.*, 276 So. 2d 696 (Miss. 1973)).

12. Since proof that damage to the Plaintiffs' property, or any portion thereof was destroyed by a peril excluded from coverage under the subject policy of insurance is an **essential element** of State Farm's defense that its failure to make additional living expense payments to the Plaintiffs under the subject policy of insurance, it would be a miscarriage of justice to allow State Farm to argue, or for the Court to instruct the Jury, that the Plaintiffs' acceptance of benefits under a separate policy of insurance constitutes some sort of admission regarding cause of loss to the Plaintiffs' home. Quite simply, there was no requirement for Plaintiffs to acknowledge cause of loss as a prerequisite to accept said benefits, and, more importantly, there is certainly no proof that any investigation was done precipitating the payment under the separate policy of flood insurance to determine whether Plaintiffs' loss may have been caused by a peril expressly

excluded from coverage under the State Farm policy. Allowing State Farm to introduce evidence that Plaintiffs received benefits under a separate flood insurance policy, or instructing the Jury that same represents an admission related to the coverage issues under the policy of insurance that is the subject of this litigation, would impermissibly allow State Farm to side-step its non-delegable duty of investigation and shirk its burden of proving loss was caused by an excluded peril under its insurance policy; and/or pass said duty off to this Court.

13. Additionally, and in the alternative, argument and/or evidence of Plaintiffs' acceptance of benefits under a separate flood insurance policy should be excluded under Miss. R. Evid. 403. Even if relevant, which Plaintiffs contend it is not, argument and/or evidence of Plaintiffs' acceptance of benefits under a separate flood insurance policy should be excluded under Rule 403 as unduly prejudicial and causing confusion of the issues and misleading of the Jury. Because one of the issues in this case for the Jury to decide will be the extent to which State Farm proved direct physical loss to Plaintiffs' home was caused by a peril excluded from coverage under the policy before State Farm denied the Plaintiffs' claim, and the amount of coverage available to the Plaintiffs under the subject policy of insurance, the amount received by Plaintiffs under a separate policy of insurance, which payments were made voluntarily and without requirement of any affirmation by Plaintiffs, has little probative value. Any such probative value would be strongly outweighed by considerations of confusion, undue prejudice, delay and misleading the Jury and should be excluded. Plaintiffs are not seeking a double recovery in this case. Instead, they are seeking a determination that the evidence be limited to the issues.

14. The Court may make a deduction for the Plaintiffs' acceptance of benefits under its flood policy, if necessary to prevent double recovery, post verdict in this case.

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that this honorable Court enter an order prohibiting Defendant from offering any evidence, testimony, or argument relating to the fact that Plaintiffs had a separate policy of flood insurance; and related to any payments of flood insurance proceeds thereunder made to Plaintiffs and/or Plaintiffs' acceptance thereof. Plaintiffs pray for such other and further relief as may be deemed appropriate.

Respectfully submitted, this the 19th day of January, 2010.

        DONALD ROBOHM and NATALIE ROBOHM,
        Plaintiffs

        By and Through Their Attorneys,
        LUCKEY & MULLINS, PLLC


BY:   /s/Stephen W. Mullins
       STEPHEN W. MULLINS

STEPHEN W. MULLINS (MS Bar #9772)
LUCKEY & MULLINS, PLLC
2016 Bienville Boulevard, Suite 102  (39564)
P. O. Box 990
Ocean Springs, MS   39566-0724
(228)875-3175 - Telephone
(228)872-4719 - Facsimile

## CERTIFICATE OF SERVICE

I, Stephen W. Mullins, counsel for Plaintiffs, do hereby certify that I have this day electronically filed the foregoing with the Clerk of this Court using the ECF system which sent notification of such filing to all Counsel of Record in this Court.

THIS, the 19th day of January, 2010.

        /s/Stephen W. Mullins
        STEPHEN W. MULLINS