IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DONALD ROBOHM and
NATALIE ROBOHM,

                                                                                           **PLAINTIFFS**

**VERSUS**                                  **CIVIL ACTION NO.: 1:08CV490-LTS-RHW**

**STATE FARM FIRE & CASUALTY COMPANY; STATE
FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
and STATE FARM JOHN DOES, One through Fifteen**

                                                                                          **DEFENDANTS**

## MOTION IN LIMINE TO EXCLUDE EVIDENCE OF
## MEDIATION OFFERS OF SETTLEMENT

COME NOW the Plaintiffs, by and through counsel, and move the Court *in limine* to enter an Order prohibiting the Defendant, State Farm Fire & Casualty Company, their counsel, representatives, agents, employees, or witnesses from referencing or attempting to utilize at trial of this cause any evidence, demonstrative evidence, documents or argument, and from attempting to solicit any testimony related to mediations held on July 16, 2009 and December 17, 2008 regarding settlement of this matter. In support of this Motion in Limine, Plaintiffs would state unto the Court the following, to-wit:

1. The following facts are <u>undisputed</u>:

    a.    In both their Complaint, Plaintiffs have alleged, among other things, that State Farm acted in bad faith by denying benefits to Plaintiffs without a reasonable basis.

b.  On or about December 17, 2008 State Farm offered to settle additional living expenses for the sum of $4,920 and on or about July 16, 2009 offered to settle additional living expenses for the sum of $14,635.07.

2. Rule 408 of the Federal Rules of Evidence plainly states that a compromise or offer to compromise is not admissible to prove liability or the invalidity of a claim.

3. The narrow exception to Rule 408 does not exclude evidence offered for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution. Even if settlement evidence is admissible for other purposes, it should still be analyzed under Fed. R. Evid. 403. Rule 403 provides for the exclusion of evidence where its probative value is substantially outweighed by the danger of unfair prejudice.

4. State Farm has maintained an absolute position that the Robohms are not owed money under its insurance policy, a position that has been restated by the company even after the mediations took place.

5. To allow State Farm to offer evidence of its offers for any purpose would only serve to confuse the jury. Even if State Farm were to attempt to use this evidence for a purpose other than to prove the invalidity of Plaintiffs' claim, its probative value, if any, would be substantially outweighed by the danger of unfair prejudice.

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that this honorable Court enter an order prohibiting Defendants, their counsel, representatives, agents, employees, or witnesses from testifying based upon, referencing, introducing, attempting to introduce and/or attempting to utilize at trial of this cause the mediation settlement offers. Plaintiffs pray for such

other and further relief as may be deemed appropriate.

Respectfully submitted, this the 19th day of January, 2010.

          DONALD ROBOHM and NATALIE ROBOHM,
          Plaintiffs

          By and Through Their Attorneys,
          LUCKEY & MULLINS, PLLC

       BY:  /s/Stephen W. Mullins
          STEPHEN W. MULLINS

STEPHEN W. MULLINS (MS Bar #9772)
LUCKEY & MULLINS, PLLC
2016 Bienville Boulevard, Suite 102  (39564)
P. O. Box 990
Ocean Springs, MS  39566-0724
(228)875-3175 - Telephone
(228)872-4719 - Facsimile

CERTIFICATE OF SERVICE

I, Stephen W. Mullins, counsel for Plaintiffs, do hereby certify that I have this day electronically filed the foregoing with the Clerk of this Court using the ECF system which sent notification of such filing to all Counsel of Record in this Court.

THIS, the 19th day of January, 2010.

          /s/Stephen W. Mullins
          STEPHEN W. MULLINS