IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DONALD ROBOHM and**
**NATALIE ROBOHM,**

                          **PLAINTIFFS**

**VERSUS**                     **CIVIL ACTION NO.: 1:08CV490-LTS-RHW**

**STATE FARM FIRE & CASUALTY COMPANY; STATE**
**FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**
**and STATE FARM JOHN DOES, One through Fifteen**        **DEFENDANTS**

## MOTION IN LIMINE TO EXCLUDE EVIDENCE OR ARGUMENT THAT EXPERT TESTIMONY IS NECESSARY TO PROVE EMOTIONAL DISTRESS

COME NOW the Plaintiffs, by and through counsel, and move the Court *in limine* to enter an Order prohibiting the Defendant, State Farm Fire & Casualty Company ('State Farm') their counsel, representatives, agents, employees, or witnesses from referencing or attempting to utilize at trial of this cause any evidence, demonstrative evidence, documents or argument, and from attempting to solicit any testimony for the purpose of demonstrating that expert testimony showing actual harm is necessary to prove mental anguish or emotional distress.

In support of this Motion in Limine, Plaintiffs would state unto the Court the following, to-wit:

1. The following facts are <u>undisputed</u>:

    a.    In their Complaint, Plaintiffs have alleged, among other things, that Plaintiffs suffered emotional distress as a result of the actions of Defendant.

    b.    During the course of discovery in this matter, Defendant has taken the deposition of the parties at which time the treating physician(s) information was provided to the

1

Defendant.

c. The Plaintiffs disclosed the facts surrounding their emotional distress in Core Disclosures, Interrogatory Responses, Requests for Production Responses and during their respective depositions.

2. The Mississippi Supreme Court has clarified the burden for recovery of mental anguish and emotional distress in breach of contract cases: "Plaintiffs may recover such damages without proof of a physical manifestation. Furthermore, expert testimony showing actual harm to prove mental injury is not always required." *University of Southern Miss v. Williams*, 891 So.2d 160, 172-73 ¶31 (Miss. 2004).

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that this honorable Court enter an order prohibiting Defendants, their counsel, representatives, agents, employees, or witnesses from referencing or attempting to utilize at trial of this cause any evidence, demonstrative evidence, documents or argument, and from attempting to solicit any testimony for the purpose of demonstrating that expert testimony showing actual harm is necessary to prove mental anguish or emotional distress. Plaintiffs prays for such other and further relief as may be deemed appropriate.

Respectfully submitted, this the 19th day of January, 2010.

>Respectfully submitted,
>
>LUCKEY & MULLINS, PLLC
>Attorneys for Plaintiffs
>
>By: /s/Stephen W. Mullins
>STEPHEN W. MULLINS (MSB #9772)

CERTIFICATE OF SERVICE

I, Stephen W. Mullins, counsel for Plaintiffs, do hereby certify that I have this

day electronically filed the foregoing with the Clerk of this Court using the ECF system which sent notification of such filing to all Counsel of Record in this Court.

This, the 19th day of January, 2010.

/s/Stephen W. Mullins
STEPHEN W. MULLINS