IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DONALD ROBOHM and
NATALIE ROBOHM,

                                                                                                 **PLAINTIFFS**

**VERSUS**                                                **CIVIL ACTION NO.: 1:08CV490-LTS-RHW**

**STATE FARM FIRE & CASUALTY COMPANY; STATE
FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
and STATE FARM JOHN DOES, One through Fifteen**      **DEFENDANTS**

## MOTION FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiffs, Donald and Natalie Robohm, by and through their undersigned counsel of record, and file this their Motion for Declaratory Judgment as follows:

### I.   Introduction.

On April 18, 2005, Plaintiffs entered into a contract for homeowners' insurance with State Farm Fire & Casualty Company (hereinafter "State Farm"). The subject homeowner's policy is attached hereto as Exhibit "A". Incorporated into the subject policy and made part and parcel of the insurance contract is a Hurricane Coverage Declaration's Sheet.

The subject policy contains language commonly referred to as the "Anti-Concurrent Causation Provision" or "Weather Conditions" exclusion which State Farm has characterized as preventing any recovery for wind damage when the insured property also sustains damage caused by another weather condition. The Hurricane Coverage specifically grants hurricane coverage and contradicts the "Anti-Concurrent Causation Provision" by rejecting theories of anti-concurrent causation and instead declaring coverage where the "direct force of [a]

windstorm *first* damages [a] building causing an opening through which [other weather events enter] and [cause] damage." (emphasis added). The total elimination of coverage for losses caused by tandem weather events is contrary to any reasonable interpretation of the subject insurance policy or any policy that purportedly covers the peril of windstorm.

### III.    State Farm Policy FP-7955.

The "Anti-Concurrent Causation Provision" contained in State Farm FP-7955 Homeowners Policy appears in a section titled "Section I – Losses Not Insured" on page 9 of the policy. This provision states in pertinent part:

> 1.    We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
> 
> 2(c)    Water Damage, meaning: flood, surface water waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not.

State Farm claims, in its Answer [4] to the Complaint, that the policy of insurance did not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these.

### IV.    Mississippi Contract Law

Under Mississippi law, "[t]he initial question of whether the contract is ambiguous is a matter of law, while the subsequent interpretation of an ambiguous contract is a finding of fact." *Phillips v. Enterprise Transp. Service Co.*, 988 So.2d 418, 421 (Miss. App. 2008). It is the black letter law in Mississippi that, "ambiguities in a contract are to be construed against the party who

drafted the contract." *Thomas v. Scarborough*, 977 So.2d 393, 398 (Miss. App. 2007) (citing *Mason v. Mason*, 919 So.2d 200, 204 (Miss. App. 2005). Applying this law to insurance contracts, Mississippi courts have held that, "[t]here is an ambiguity in an insurance contract when the policy can be interpreted as having two or more reasonable meanings." *Mississippi Farm Bureau Cas. Ins. Co. v. Britt*, 826 So.2d 1261, 1265 (Miss. 2002)(citing *Universal Underwriters Ins. Co. v. Ford*, 734 So.2d 173, 176 (Miss. 1999). Mississippi law has ruled that "[i]nsurance contracts are construed in accordance with the plain language of the policies as bargained for by the parties, with any ambiguities interpreted liberally in favor of the insured." *Lewis v. Allstate Ins. Co.*, 730 So.2d 65, 70 (Miss. 1998).

### V. Anti-Concurrent Case Law

The Mississippi Supreme Court has rejected the argument that the anti-concurrent clause is not ambiguous or not enforceable. The Mississippi Supreme Court held, in *Corban v. United Services Automobile Assn.*, 20 So.3d at ¶¶ 32, 40-41, that the anti-concurrent clause was ambiguous and unenforceable to the extent that it purported to exclude any wind loss if it occurred separately from and in any sequence to excluded water loss. (The *Corban v. United Services Automobile Assn.* opinion is attached as Exhibit 'B')

### VI.   The Doctrine of Collateral Estoppel.

As a basis for jurisdiction in this matter is diversity, with the subject matter being Mississippi state insurance law, Mississippi substantive law should apply. *Klaxan Co. v. Stentor Electric Mfg. Co.*, 313 US 487, 61 SCT 1020 (US 1941).

Mississippi courts have ruled that under the doctrine of collateral estoppel, an "appellant is precluded from re-litigating in the present suit specific questions actually litigated and determined by and essential to the judgment in the prior suit, even though a different cause of

action is the subject of the present suit, even though a different cause of action is the subject of the present suit." *Mayor and Bd. Of Alderman, City of Ocean Springs v. Homebuilders Ass'n of Mississippi, Inc.*, 932 So.2d 44, 59 (Miss. 2006). Furthermore, Mississippi law has concluded that "strict identity of parties is not necessary for either *res judicata* or collateral estoppel to apply if it can be shown that a nonparty stands in privity with the party in the prior action." *Farmer v. Richardson*, 970 So.2d 261 (Miss. App. 2007).

State Farm has already argued this exact issue before the United States District Court for the Southern District of Mississippi in another identical Hurricane Katrina related case this month. (See Memorandum Opinion in *Charles Spansel and Janet Spansel v. State Farm Fire and Casualty Company,* USDC Cause Number 1:08-cv-1516-LG-RHW attached hereto as Exhibit "C".) In *Spansel*, the District Court found that "State Farm has not shown it is entitled to summary judgment on this portion (anti-concurrent clause) of the declaratory judgment claim". *emphasis added*. In light of this ruling and others like it, the doctrine of collateral estoppels prohibits State Farm from contending here that the contract for insurance is not ambiguous as to any perceived anti-concurrent clause.

WHEREFORE PREMISES CONSIDERED the Plaintiff respectfully requests that the Court grant this Motion for Declaratory Judgment, finding that as a matter of law, the State Farm insurance contract at issue and in effect on August 29, 2005, allegations and clauses concerning anti-concurrent cause are vague and ambiguous as provided by law, as in *Corban*, and therefore not enforceable. Furthermore, Plaintiffs request that the Defendant be prevented from arguing before the Jury, or any time, that the anti-concurrent clause was a reasonable basis, or otherwise,

for denying the claim.

    Respectfully submitted, this the 19th day of January, 2010.

                                DONALD ROBOHM and NATALIE ROBOHM,
                                Plaintiffs

                                By and Through Their Attorneys,
                                LUCKEY & MULLINS, PLLC


                        BY:   /s/Stephen W. Mullins
                                STEPHEN W. MULLINS

STEPHEN W. MULLINS (MS Bar #9772)

LUCKEY & MULLINS, PLLC

2016 Bienville Boulevard, Suite 102  (39564)

P. O. Box 990

Ocean Springs, MS   39566-0724

(228)875-3175 - Telephone

(228)872-4719 - Facsimile

CERTIFICATE OF SERVICE

    I, Stephen W. Mullins, counsel for Plaintiffs, do hereby certify that I have this day electronically filed the foregoing with the Clerk of this Court using the ECF system which sent notification of such filing to all Counsel of Record in this Court.

    THIS, the 19th day of January, 2010.

                                          /s/Stephen W. Mullins
                                          STEPHEN W. MULLINS