IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| DONALD ROBOHM and<br>NATALIE ROBOHM,<br><br>      Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY<br>COMPANY, et al.,<br><br>      Defendants. | No.: 1:08-CV-490-LTS-RHW |

**STATE FARM FIRE AND CASUALTY COMPANY'S
MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE,
PARTIAL SUMMARY JUDGMENT**

State Farm Fire and Casualty Company ("State Farm"), pursuant to Federal Rule of Civil Procedure 56, respectfully moves for summary judgment, or in the alternative, partial summary judgment, on Plaintiffs' claims for breach of contract, punitive damages, extra-contractual damages, attorney's fees, declaratory judgment, waiver and estoppel, negligence, reformation, fraud, and fraudulent inducement. Compl. ¶¶ 28-57, 60-67, 71-97. State Farm is entitled to judgment as a matter of law on these claims for the following reasons, as set forth more fully in the accompanying Memorandum of Law, incorporated herein by reference:

  1.  Plaintiffs' claim for breach of contract should be dismissed because Plaintiffs admit that their house sustained at least $250,000 in flood damage and that such damage was sufficient to render their house uninhabitable. Accordingly, Plaintiffs are not entitled to additional living expenses ("ALE") under their homeowners policy. Further, Plaintiffs cannot offer expert testimony that their house was rendered uninhabitable by wind, rather than flooding. Where there is a dispute as to whether wind or water damaged a structure, expert testimony is *required* to prove causation. *Bossier v. State Farm Fire & Cas. Co.*, No. 1:08CV408, 2009 U.S. Dist. LEXIS 108595, at *14 (S.D. Miss. Nov. 20, 2009).

2. Plaintiffs cannot obtain punitive damages because they cannot satisfy their heavy burden of proof to meet the substantive requirements for punitive damages under Mississippi law. Specifically, Plaintiffs cannot demonstrate by clear and convincing evidence (i) that State Farm had no arguable or legitimate basis for adjusting the claim or (ii) that State Farm acted with malice or gross negligence in reckless disregard for Plaintiffs' rights.

3. Plaintiffs' inability to show that State Farm had no arguable basis for adjusting their claim also bars their claims for extra-contractual damages.

4. Plaintiffs cannot recover any attorney fees because, absent an award of punitive damages, Mississippi law does not permit an award of attorney fees or trial expenses as extra-contractual damages.

5. Plaintiffs' claim for declaratory judgment fails because it is improperly duplicative of their claim for breach of contract. This claim also fails because it is at odds with Mississippi Supreme Court precedent establishing that the water damage exclusion in the applicable policy unambiguously excludes damage from storm surge and that the anti-concurrent causation clause excludes damage caused by wind and flood acting concurrently. *See Corban v. United Servs. Auto. Ass'n*, 20 So. 3d 601, 614-15 (Miss. 2009).

6. Plaintiffs' waiver and estoppel claim fails as well because Mississippi law permits State Farm, in defending its claim, to rely upon any policy defense even if the defense was not raised during the adjustment of their claim. Mississippi law also permits State Farm to present any otherwise admissible evidence to support such policy defenses.

7. Plaintiffs' fraud and misrepresentation-based claims fail because Plaintiffs cannot show that they reasonably and detrimentally relied on any alleged misrepresentation.

8. Plaintiffs' reformation claim fails because they do not allege do not allege any drafting mistake. They instead claim to have believed that their policy provided coverage for any and all damage

from a hurricane. Their alleged mistake in entering into their homeowners insurance contract cannot support a claim for reformation, as a matter of law.

9. Plaintiffs' claim for negligence fails because they do not allege that State Farm's purported negligence caused any injury. Further, Plaintiffs cannot establish their right to recover under their policy, so no alleged negligence caused them any damages.

10. State Farm attaches the following exhibits to this Motion and incorporates them by reference:

Exhibit A: Structures Group, Inc.'s February 20, 2006 Report;

Exhibit B: Excerpts from Donald Robohm Dep. (July 14, 2009);

Exhibit C: Excerpts from Natalie Robohm Dep. (July 15, 2009);

Exhibit D: Expert Report of Robert Weisberg, Ph.D.;

Exhibit E: Plaintiffs' Homeowners Policy;

Exhibit F: Donald Robohm's January 26, 2006 Letter;

Exhibit G: Excerpts from Donald Robohm Dep. (September 29, 2009);

Exhibit H: Donald Robohm's November 15, 2005 Letter

Exhibit I: Plaintiffs' Homeowners Policy Activity Log;

Exhibit J: Plaintiffs' Flood Policy Activity Log;

Exhibit K: State Farm's November 11, 2005 Letter;

Exhibit L: State Farm's May 16, 2006 Letter;

Exhibit M: State Farm's June 4, 2008 Letter;

Exhibit N: Expert Report of Pamela Knox;

Exhibit O:  Expert Report of Peter Evans.

WHEREFORE, the Court should enter summary judgment for State Farm, dismissing with prejudice Plaintiffs' claims for breach of contract, punitive damages, extra-contractual damages, attorneys' fees, declaratory judgment, waiver and estoppel, negligence, reformation, fraud, and fraudulent inducement.  Compl. ¶¶ 28-57, 60-67, 71-97

Respectfully submitted this the 19th day of January, 2010,

/s/  H. Scot Spragins
H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA
& SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000
*Attorneys for Defendant*
*State Farm Fire and Casualty Company*

**CERTIFICATE OF SERVICE**

I, **H. SCOT SPRAGINS**, one of the attorneys for the Defendant, **STATE FARM FIRE & CASUALTY COMPANY**, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

DATED, January 19, 2010.

                                                                  /s/ H. Scot Spragins
                                                                  H. SCOT SPRAGINS

H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000