IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DONALD ROBOHM and NATALIE ROBOHM                                    PLAINTIFFS

VS.                                                         CAUSE NO: 1:08CV490-LTS-RHW

STATE FARM FIRE & CASUALTY COMPANY;
and STATE FARM JOHN DOES, One through Fifteen                        DEFENDANTS

**RESPONSE TO PLAINTIFFS' APPLICATION FOR REVIEW OF,
AND OBJECTION TO, JANUARY 7, 2010 ORDER OF
<u>UNITED STATES MAGISTRATE JUDGE</u>**

COMES NOW, Defendant State Farm Fire & Casualty Company ("State Farm"), by and through the undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, and files this Response to Plaintiffs' Application for Review of and Objection to January 7, 2010 Order of United States Magistrate Judge, stating unto the Court as follows:

I. INTRODUCTION

When reviewing the Magistrate Judge's [84] Order, the Court should consider it in the context of the history of this case. The [18] Case Management Order was entered on March 18, 2009 yet Plaintiffs did not begin conducting discovery until nine months later. On December 10, 2009, Plaintiffs finally set out to accomplish the discovery that they had, until then, simply failed to undertake: First they propounded [70] Interrogatories and [71] Requests for Production of Documents, four days later they filed a [72] Designation of Expert Witnesses, and three days after that they filed a [74] Notice of 30(b)(6) Deposition. By the time Plaintiffs began conducting discovery, both the original discovery deadline of November 2, 2009 and the mutually extended discovery deadline of December 2, 2009 (*see* Text Only Order of October 30, 2009) had expired. In fact, by the time Plaintiffs filed their designation of expert witnesses, the discovery period had "expired altogether but for Defendant's limited motion to extend it." [84]

In striking Plaintiffs' untimely designation of expert witnesses, the Magistrate Judge was "merely enforcing the deadlines plainly set out in the court order and local rule for designating witnesses." *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990). This decision was consistent with his authority as a Magistrate Judge and well within the "broad discretion" invested in his office to "preserve the integrity of and purpose of the pretrial order." *Id.* (citing *Hodges v. U.S.*, 597 F.2d 1014, 1018 (5th Cir. 1979)). Furthermore, given the apparent degree of inattention to this matter "which led to the flouting of discovery deadlines" and the failure of Plaintiffs to conduct any discovery within the deadlines established by the Court, State Farm believes the sanction meted out by the Magistrate Judge is neither inappropriate nor overly harsh. *Id.* at 792.

## II. STANDARD OF REVIEW

Plaintiffs' [86] Application for Review is brought pursuant to the wrong Federal Rule of Civil Procedure. Plaintiffs' Application should have been filed pursuant to Fed. R. Civ. P. 72(a), not Fed. R. Civ. P. 72(b), because the matter brought on for review is the Magistrate Judge's Order granting State Farm's non-dispositive [73] Motion to Strike Plaintiffs' untimely designation of expert witnesses. Whether Plaintiffs' Application is brought pursuant to Rule 72(a) or 72(b) is relevant because the standards of review are different.[1] The correct standard for review of a Magistrate Judge's ruling on a non-dispositive matter is the "extremely deferential" standard of Rule 72(a), not the "de novo" standard of Rule 72(b). *West v. Drury Co.*, 2009 WL 1586898, *1 (N.D. Miss., 2009).

---

[1]Additionally, Rule 72(a) does not allow for receipt of "further evidence" as permitted by Rule 72(b). Under Rule 72(a), only the evidence before the Magistrate Judge when he rendered his decision should be considered on review. Here, Plaintiffs have submitted five exhibits in support of their request for relief. [86] Upon information and belief, three of those exhibits (A, C, D) were previously unfiled and, therefore, should not be considered by this Court on review.

Under the Rule 72(a) standard, the Magistrate Judge's ruling may only be modified or set aside if it is so "clearly erroneous" or "contrary to law" that it amounts to an abuse of discretion, for example, "where the court relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard." *Barnett v. Tree House Cafe, Inc.*, WL 3083757, *2-3 (S.D. Miss., 2006). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542 (U.S. 1948). By contrast, if the Magistrate Judge's "account of the evidence is plausible in light of the record viewed in its entirety," his ruling must be upheld. *West*, 2009 WL 1586898, *1.

### III.  ARGUMENT

**A.    The Magistrate Judge's Order Is Not Clearly Erroneous**

The facts before the Magistrate Judge were straightforward. Pursuant to the Case Management Order of March 18, 2009, Plaintiffs were to designate experts on or before July 1, 2009. Plaintiffs did not file a timely designation or request leave of Court to file a late designation. They simply filed their [72] Designation of Expert Witnesses on December 11, 2009, more than five months after their expert designation deadline, more than one month after the original discovery deadline of November 2, 2009 and more than one week after the mutually extended discovery deadline of December 2, 2009.

Plaintiffs have offered no legitimate explanation for their failure to timely designate expert witnesses prior to, concurrent with or subsequent to the filing of their late designation. As a result, the Magistrate Judge correctly found there was "no good cause" [84] to excuse Plaintiffs from strict compliance with the Case Management Order. Plaintiffs have not and cannot point to any "factual infirmities" in the Magistrate Judge's January 7, 2010 Order "that would render it clearly erroneous.

Therefore, the only remaining question is whether the Order is contrary to law." *Bulley v. Fidelity Financial Services of Miss., Inc.*, 2000 WL 1349184, 2 (S.D. Miss., 2000).

**B.  The Magistrate Judge's Order Is Not Contrary to Law**

"When a party objects to a magistrate judge's ruling on the ground that it is contrary to law, the party must demonstrate that the magistrate judge erred in some respect in his legal conclusions." *West*, 2009 WL 1586898, *1.  The party "must show, not that the magistrate judge could have exercised his discretion and ruled in her favor, but rather that she is entitled to a ruling in her favor as a matter of law."  *Barnett,* 2006 WL 3083757, *3.  Given the Magistrate Judge's "broad discretion with respect to discovery matters" and the "significantly limited" scope of the district court's review, this is a "heavy burden" for any party to meet.  *Id.* at *2-3.

In an effort to meet their burden of showing that the Magistrate Judge's Order is contrary to law, Plaintiffs raise for the first time the Fifth Circuit's analysis in *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 882-883 (5th Cir. 2004).  Plaintiffs claim "all four (4) factors" set forth in that case "weigh heavily against striking Plaintiffs' expert designation" [86] ¶ 8, but this is simply not the case.   In reality, Plaintiffs only have a cognizable argument as to the second factor, and this one factor standing alone provides an insufficient basis upon which to find that the Magistrate Judge's Order is contrary to law.

    1.    <u>Explanation for their failure to identify the witness</u>

The first *Hamburger* factor weighs exclusively in State Farm's favor because Plaintiffs have not and cannot offer any legitimate "explanation for their failure to identify the witness[es]".  *Hamburger*, 361 F.3d at 883.  Initially, Plaintiffs suggested that "due to a computer and clerical error, a formal Designation was not filed into the ECF docket."  [72]  However, "a scheduling mistake in counsel's office, is not the type of satisfactory explanation for which relief may be granted."

*Geiserman*, 893 F.2d at 790. Later, Plaintiffs abandoned their claim of "a computer and clerical error" and alleged their failure was due to State Farm's requests for additional time to conduct discovery and Plaintiffs' counsel's handling of another legal action. [76] ¶ 4 The Magistrate Judge considered these excuses and found they were insufficient to excuse Plaintiffs' failure. [84] Plaintiffs have now abandoned all of these excuses and merely allege that they had "previously identified" their expert witnesses by other means. [86] ¶ 8 This third explanation, like the prior reasons offered by Plaintiffs, cannot excuse their failure to file a timely designation.[2]

    2.    <u>The importance of the testimony</u>

Although the second *Hamburger* factor may arguably weigh in Plaintiffs' favor, "the importance of proposed testimony cannot 'singularly override the enforcement of local rules and scheduling orders.'" *Hamburger*, 361 F.3d at 883. Moreover, if this testimony is in fact as important to the presentation of their case as Plaintiffs claim, this importance "underscores how critical it was for [Plaintiffs] to have timely designated" their expert witnesses. *Id.* Stated another way, if this expert testimony is so significant to Plaintiffs' case, "so much the more reason to be sure its introduction was properly grounded." *Geiserman*, 893 F.2d at 791. The fact that Plaintiffs had retained their experts and were in possession of their written reports prior to the commencement of this litigation, yet waited until nine months after the Case Management Conference, "some five months after their deadline expired, four months after Defendant had designated its experts and another week after discovery

---

[2]Although the Fifth Circuit uses the term "identify" as opposed to "designate," it is clear the Court is not concerned with the prior identification of experts but only with their proper designation. In *Hamburger*, as in other cases that utilize the four part test, the Court refused to excuse noncompliance with a scheduling order on the basis that an expert witness was previously identified during the litigation. *See Hamburger*, 361 F.3d at 883 ("State Farm was in possession of Dr. Fitzgerald's medical records prior to Hamburger's late designation of Dr. Fitzgerald as an expert witness . . .").

would have expired altogether but for Defendant's limited motion to extend it," belies the alleged importance of this testimony and further diminishes the effectiveness of any excuse Plaintiffs may now seek to offer. [84] If they wanted to ensure their compliance with the Case Management Order and secure their ability to use this testimony at trial, Plaintiffs could have filed their designation of expert witnesses as early as March 19, 2009, one day after entry of the scheduling order. They did not and the Magistrate Judge has correctly found there is "no good cause" for their failure. [84]

    3.    <u>Potential prejudice in allowing the testimony</u>

The third *Hamburger* factor weighs in State Farm's favor because, following Plaintiffs' failure to file a timely designation, State Farm designated experts, conducted discovery, the discovery deadline passed and State Farm moved for summary judgment. State Farm's [91] Motion for Summary Judgment is based, in part, on Plaintiffs' failure to properly and timely designate expert witnesses to rebut State Farm's evidence that storm surge flooding rendered their home uninhabitable. *See* [92] Memorandum in Support of Motion for Summary Judgment pp. 12-14. If Plaintiffs are granted leave to file their expert designations at this time, State Farm will certainly be prejudiced.[3] State Farm will have to revisit the basis for its Motion for Summary Judgment and prepare *Daubert* challenges to Plaintiffs' expert witnesses. In order to properly prepare its *Daubert* motions, State Farm will need to conduct the depositions of Stephen Wistar and Joseph Sobel.[4] "To require State Farm to do all those things now would increase State Farm's litigation expenses significantly and would also

---

[3] Courts have found that even "a delay of a couple of weeks" is sufficient to "disrupt[] the court's discovery schedule and the opponent's preparation." *Geiserman*, 893 F.2d at 791.

[4] Although State Farm did conduct the deposition of Ted Biddy, it determined to forgo the depositions of Stephen Wistar and Joseph Sobel because they had not been designated as expert witnesses. Had Wistar and Sobel been properly and timely designated, State Farm would have taken their depositions in order to support *Daubert* challenges against them.

delay . . . the disposition of this case." *Qualls v. State Farm Lloyds*, 226 F.R.D. 551, 554 (N.D. Tex. 2005).[5]

Additionally, Plaintiffs' claim is limited to Additional Living Expenses (ALE) yet neither their expert reports nor Designation of Expert Witnesses make any mention of ALE. *See, e.g.,* [72] In *Hamburger*, the Court found: "Although State Farm was in possession of Dr. Fitzgerald's medical records prior to Hamburger's late designation of Dr. Fitzgerald as an expert witness, those records did not address causation and thus did not alert State Farm that Dr. Fitzgerald might give expert testimony about that subject." *Hamburger*, 361 F.3d at 883. The same may be said here: Although State Farm was in possession of Plaintiffs' expert reports, in the absence of a timely designation, it is unclear why State Farm should have assumed Plaintiffs would incur the expense of presenting the instant experts at trial. This is especially true since, upon information and belief, these experts were not specifically retained to provide opinions on the ALE issue but, it reasonably appears, were retained to support Plaintiffs' claims for dwelling and contents benefits under their wind and flood policies.

4.    The availability of a continuance to cure such prejudice

The fourth *Hamburger* factor weighs in State Farm's favor because there is no excuse for Plaintiffs' failure to file a timely designation, State Farm would be prejudiced if the testimony were allowed, and a continuance would cause "additional delay and increase[] the expense of defending the lawsuit." *Hamburger*, 361 F.3d at 883 (quoting *Geiserman*, 893 F.2d at 792). Furthermore, as noted by the Court in *Qualls*, "a continuance would not significantly address State Farm's prejudice.

---

[5]In *Qualls*, the Court found "State Farm prepared its motion for summary judgment in part relying on [Plaintiffs'] failure to designate experts. State Farm deposed the proposed new experts only in their capacity as fact witnesses, and would have to redepose many of them as experts. State Farm did not make any *Daubert* challenges to the fact witnesses. To require State Farm to do all those things now would increase State Farm's litigation expenses significantly and would also delay . . . the disposition of this case." *Qualls*, 226 F.R.D. at 554.

Admittedly, a continuance would give State Farm time to redepose the newly designated experts and to file, as needed, *Daubert* motions. It would not address the issues of additional expense, wasted expense of motion for summary judgment and trial preparation on the assumption that the Qualls had not designated these persons as experts, or delay." *Qualls*, 226 F.R.D. at 554. "Moreover, a continuance would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders." *Geiserman*, 893 F.2d at 792. Given the history of this case and, especially, Plaintiffs' failure to conduct any discovery whatsoever during the time period established by the Court, it is readily apparent that a continuance is not merited; would not address State Farm's prejudice; would not address the issues of additional expense, wasted expense and delay; and would not serve to deter future dilatory behavior, enforce the local rules or enforce the Court's scheduling order.

## IV. CONCLUSION

Plaintiffs have not and cannot meet the heavy burden required to show that the Magistrate Judge's Order is clearly erroneous or contrary to law. They cannot show that the court relied on clearly erroneous findings of fact, improperly applied the law, or used an erroneous legal standard. There is substantial evidence in the record to support the Magistrate Judge's ruling and no basis upon which to find that a mistake amounting to an abuse of discretion has been committed. Absent such evidence, the Court should grant deference to the Magistrate Judge and uphold his Order granting State Farm's Motion to Strike and excluding the evidence and testimony sought to be offered by Plaintiffs' untimely designated expert witnesses.

WHEREFORE, PREMISES CONSIDERED, State Farm would respectfully request that this Honorable Court deny the relief requested in Plaintiffs' Application for Review of and Objection to January 7, 2010 Order of United States Magistrate Judge. State Farm would further request any additional relief the Court may find warranted in the premises.

        Respectfully submitted,

        STATE FARM FIRE & CASUALTY COMPANY

        HICKMAN, GOZA & SPRAGINS, PLLC
        Attorneys at Law
        Post Office Drawer 668
        Oxford, MS 38655-0668
        (662) 234-4000

       BY: */s/ H. Scot Spragins*
         H. SCOT SPRAGINS, MSB # 7748

**CERTIFICATE OF SERVICE**

I, H. SCOT SPRAGINS, one of the attorneys for the Defendant, STATE FARM FIRE & CASUALTY COMPANY, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

DATED, this the 28th day of January, 2010.

/s/ H. Scot Spragins
H. SCOT SPRAGINS

H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000