IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DONALD ROBOHM and NATALIE ROBOHM                           PLAINTIFFS

VS.                                                        CAUSE NO: 1:08CV490-LTS-RHW

STATE FARM FIRE & CASUALTY COMPANY;
and STATE FARM JOHN DOES, One through Fifteen              DEFENDANTS

### RESPONSE TO MOTION IN LIMINE TO EXCLUDE EVIDENCE OR ARGUMENT THAT EXPERT TESTIMONY IS NECESSARY TO PROVE EMOTIONAL DISTRESS

COMES NOW, Defendant State Farm Fire & Casualty Company ("State Farm"), by and through the undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, and files this Response to Motion in Limine to Exclude Evidence or Argument that Expert Testimony is Necessary to Prove Emotional Distresss, stating unto the Court as follows:

### I. INTRODUCTION

The plaintiffs seek to prohibit State Farm from introducing evidence or arguing to the jury that the plaintiffs have not or will not call a doctor to testify in support of their claims of mental anguish or emotional distress. The plaintiffs provide little or no legal support for their position. Because such argument or evidence by State Farm would be fair comment on the plaintiffs' proof in this case, the Court should deny the plaintiffs' Motion in Limine.

### II. DISCUSSION

**A.    There is no legal authority supporting the plaintiffs' position.**

Importantly, the plaintiffs cite no case stating that a defendant is prohibited from commenting on a Plaintiffs' failure to call a medical doctor in support of a claim for medical damages. In fact, the right of a party to do so is well established: "during summation, counsel may comment on a party's

failure to call a witness under its control whose testimony was expected to have been favorable." *Smith v. Piedmont Airlines, Inc.*, 728 F. Supp. 914, 918 (S.d.N.Y. 1989) (citations omitted).

The case cited by the plaintiffs, *University of Southern Mississippi v. Williams*, 891 So.2d 160 (Miss 2004) certainly does not support the plaintiffs' position. Notwithstanding that this case may have clarified the burden for recovery of mental anguish and emotional distress in breach of contract cases, the case does not stand for the proposition that the plaintiffs have some lessened burden of proof for these sorts of damages. In fact, *Williams* clearly states that "a Plaintiff seeking emotional distress damages for a breach of contract must provide more than general declarations of emotional distress." *Williams*, 891 So.2d 173 ¶33. Thus, though "expert testimony showing actual harm to prove mental injury is not always required," the plaintiffs certainly have the obligation to introduce appropriate proof, and if the plaintiffs choose not to call a medical doctor, then State Farm should be allowed to comment to that effect in closing arguments.

**B.     The plaintiffs cite no rule of evidence that prevents introduction of such evidence or presentation of such argument.**

As discussed above, there is no prohibition to a plaintiff calling an expert to prove emotional distress or mental anguish, nor is there case law which prevents the introduction of evidence or argument by a defendant that the plaintiff failed to offer such proof. In fact, the rules of evidence would suggest that such evidence is admissible.

Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Certainly, the plaintiffs failure to call a doctor in support of their claims of mental anguish or emotional distress is relevant to their damages and whether they have satisfied their burden of proof. The only basis for exclusion of such

evidence would be under Federal Rule of Evidence 403 on the basis that such evidence would be prejudicial, confusing, misleading or cause undue delay, waste of time or needless presentation of cumulative evidence.  Importantly, the plaintiffs do not argue that the introduction of such evidence or argument would be unduly prejudicial, and there is no basis to conclude that would be the case in fact.  Further, introducing such evidence or presentation of such argument is fair comment as discussed above.

WHEREFORE, PREMISES CONSIDERED, the defendant respectfully requests that the plaintiffs' Motion in Limine be denied.

        Respectfully submitted,

        STATE FARM FIRE & CASUALTY COMPANY

        HICKMAN, GOZA & SPRAGINS, PLLC
        Attorneys at Law
        Post Office Drawer 668
        Oxford, MS 38655-0668
        (662) 234-4000

BY:   */s/ H. Scot Spragins*
        H. SCOT SPRAGINS, MSB #7748
        GOODLOE T. LEWIS, MSB # 9889

## **CERTIFICATE OF SERVICE**

I, H. SCOT SPRAGINS, one of the attorneys for the Defendant, STATE FARM FIRE & CASUALTY COMPANY, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

DATED, this the 1st day of February, 2010.

                                                    */s/ H. Scot Spragins*
                                                  H. SCOT SPRAGINS

H. SCOT SPRAGINS, MSB #7748
GOODLOE T. LEWIS, MSB # 9889
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000