IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| DONALD ROBOHM and<br>NATALIE ROBOHM,<br><br>                 Plaintiffs,<br><br>         v.<br><br>STATE FARM FIRE AND CASUALTY<br>COMPANY, et al.,<br><br>                 Defendants. | No.: 1:08-CV-490-LTS-RHW |

**STATE FARM FIRE AND CASUALTY COMPANY'S MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE OF PLAINTIFFS' WIND POOL INSURANCE CLAIM**

State Farm Fire and Casualty Company ("State Farm") respectfully moves *in limine* to exclude from trial evidence and testimony regarding the insurance adjustment of Plaintiffs' loss by the Mississippi Wind Pool ("Wind Pool").[1]

Unlike most Hurricane Katrina insurance cases, this case does not involve a dispute over coverage for damage to Plaintiffs' house or personal property. Plaintiffs' homeowners policy excludes damage from wind and flood, so Plaintiffs held separate insurance for those perils, including a wind policy through the Wind Pool and flood policy. [92] at Point II. Plaintiffs filed claims and received payments under both policies. *Id.* What remains is Plaintiffs' claim for Additional Living Expenses ("ALE") under their homeowners insurance policy. ALE coverage is not triggered solely by damage to Plaintiffs' house. *See* [91-6] (Homeowners Policy) at

---

[1] No separate memorandum in support is filed with this motion as the motion speaks for itself, and all relevant authorities are cited therein.

100007. Rather, an ALE loss is defined to be covered damage to Plaintiffs' house that is sufficient to render the house uninhabitable. *Id.*

Plaintiffs allege claims for ALE coverage and bad faith punitive and extra-contractual damages, among others. It is anticipated that, at trial, Plaintiffs will attempt to improperly introduce evidence of their separate Wind Pool insurance claim, including the investigation and conclusions of those adjusters and payments received by the Wind Pool. Such matters are irrelevant in this case. Fed. R. Evid. 401-402. Moreover, whatever nominal relevance such matters may have, if any, it is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, and misleading the jury. *See* Fed. R. Evid. 403. In addition, the Wind Pool claim file itself, as well as statements recorded inside it, are inadmissible hearsay. *See* Fed. R. Evid. 801-802.

### THE WIND POOL'S INVESTIGATION AND ADJUSTMENT ARE NOT ADMISSIBLE IN THE COVERAGE PHASE OF TRIAL

If permitted to introduce evidence of another insurer's investigation and adjustment of Plaintiffs' wind loss, Plaintiffs would inject numerous collateral matters into the trial that would mislead the jury and confuse the issues. Plaintiffs would create a mini-trial on many collateral issues, such as whether the Wind Pool adjusters were thorough, the differences between their operations and procedures and State Farm's, and the distinctions in coverage between the Wind Pool policy and State Farm's. It is not known what standard, if any, the Wind Pool applies to determine when a dwelling is rendered uninhabitable. Yet, unlike a flood insurance claim where a single adjuster must handle both the flood and wind claims, 44 C.F.R. pt. 62, app'x A, art. II(C), Plaintiffs will attempt to introduce evidence of a wholly unrelated insurer that is not a party to this case. The jury would hear extensive evidence of the investigation by a non-party insurer and documentary and testimonial evidence by that insurer. State Farm would then be

compelled to present rebuttal evidence on all such issues, which is a fundamental part of State Farm's due process right to present "'every available defense.'" *Philip Morris v. Williams*, 549 U.S. 346, 358 (2007) (citation omitted). In sum, Plaintiffs would substantially divert the attention of the jury away from the merits of their ALE claim to a wholly separate trial of the merits of their Wind Pool claim for structure and personal property damage.

"No judge wants to see one trial turn into several," *Olson v. Ford Motor Co.*, 481 F.3d 619, 623, 624 (8th Cir. 2007), and courts routinely exclude evidence of collateral issues to prevent the same types of harm that would be present here. *See, e.g.*, *Coursen v. A.H. Robins Co.*, 764 F.2d 1329, 1334 (9th Cir. 1985) (affirming exclusion of evidence on collateral issues because any relevance was outweighed by the risk that the jury would be confused and distracted from the main issues), *corrected by* 773 F.2d 1049 (9th Cir. 1985) (correcting clerical error); *United States v. Barnard*, 490 F.2d 907, 912-13 (9th Cir. 1973) (affirming exclusion of testimony to prevent a "trial within a trial" on a collateral issue); *see United States v. Farrington*, 58 F. App'x 919, 925 (3d Cir. 2003) (upholding exclusion of evidence of unrelated fraudulent schemes because such evidence would require "'mini trials'" to determine the validity of those allegations); *United States v. Talamante*, 981 F.2d 1153, 1156 n.5 (10th Cir. 1992) (affirming exclusion of evidence of unrelated incidents that "could have led to collateral mini trials"); *United States v. Waloke*, 962 F.2d 824, 830 (8th Cir. 1992) (upholding exclusion of evidence of unrelated incidents that would have resulted in "'mini-trials'" because "'[t]he defendant would have characterized a collateral incident one way and the government would have found witnesses who would have disputed the claims of defense witnesses'") (alteration in original; quoting lower opinion).

"[T]his case will be limited to the facts surrounding the Plaintiffs' *particular* claim" with State Farm. *Perkins v. State Farm Gen. Ins. Co.*, 2007 WL 4375208, at *2 (S.D. Miss. Dec. 12, 2007) (Senter, J.) (emphasis added); *accord Huynh v. State Farm Fire & Cas. Co.*, 2008 WL 80759, at *1-2 (S.D. Miss. Jan. 7, 2008) (Senter, J.). Indeed, introducing evidence of other State Farm claims investigations is improper because, as this Court has recognized, "claims were handled by [State Farm] in a variety of ways." *Guice v. State Farm Fire & Cas. Co.*, 2007 WL 912120, at *1 (S.D. Miss. Mar. 22, 2007) (Senter, J.). Plaintiffs, however, intend to introduce claims handling by an entirely different company, whose differences would need to be fully explained to the jury, if such evidence is permitted.

Moreover, the Wind Pool adjustment addressed an entirely different insurance claim than Plaintiffs submitted to State Farm. The specific claim at issue guides what evidence an insurance company gathers in its investigation. The Wind Pool investigated and adjusted Plaintiffs' claim for damage to their house and personal property, but State Farm attended to Plaintiffs' ALE claim. Yet, if Plaintiffs are permitted to introduce evidence of the Wind Pool's investigation, Plaintiffs would invite the jury to improperly assume that State Farm and the Wind Pool disagree. The two companies, however, were investigating different claims that have different policy language and different elements of proof. Not only would such evidence confuse the jury, it would unfairly prejudice State Farm by judging it according to the standard of a collateral insurance claim.

In all events, the investigation and conclusions of the Mississippi Wind Pool are not attributable to State Farm. Unlike a flood insurance claim – in which Plaintiffs made a judicial admission that their property sustained flood damage, *see, e.g.*, *McIntosh v. State Farm Fire & Cas. Co.*, 2008 WL 1776409, at *2 (S.D. Miss. Apr. 14, 2008) (Senter, J.) – there is no

admission by or attributable to State Farm contained within Plaintiffs' Wind Pool claim. State Farm had nothing to do with that claim, and any attempt by Plaintiffs to introduce it would be needlessly cumulative of their testimony and evidence regarding wind damage to their property. *See* Fed. R. Evid. 403. Nor does a Wind Pool claim draw upon the federal treasury, which introduces additional burdens upon Plaintiffs under federal law that do not apply with a Wind Pool claim. *See, e.g.*, *Wright v. Allstate Ins. Co.*, 415 F.3d 384 (5th Cir. 2005); *Richmond Printing LLC v. Dir. FEMA*, 72 F. App'x 92 (5th Cir. 2003).

Accordingly, evidence and testimony of the investigation, adjustment, and payment by the Wind Pool should be excluded from trial.

### THE WIND POOL'S INVESTIGATION AND ADJUSTMENT ARE NOT ADMISSIBLE IN THE LATER PHASES OF TRIAL ON PUNITIVE AND EXTRA-CONTRACTUAL DAMAGES

Evidence of the Wind Pool's investigation and adjustment of Plaintiffs' separate claim would not be admissible for Plaintiffs' punitive and extra-contractual claims. A separate insurance company's investigation and conclusions cannot form the basis for subjecting State Farm to punitive or extra-contractual damages. Mississippi law does not impose punitive or extra-contractual damages if insurance companies have different procedures, reached different conclusions, or otherwise reasonably disagree. Rather, it is well-established that Mississippi requires Plaintiffs to prove by clear and convincing evidence that *State Farm* (i) had no arguable basis for *its* adjustment and (ii) acted with malice or gross negligence in disregard of the insured's rights. *See, e.g.*, *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 628 (5th Cir. 2008); *Hans Constr. Co. v. Phoenix Assurance Co. of N.Y.*, 995 F.2d 53, 56 (5th Cir. 1993); Miss. Code Ann. § 11-1-65(1)(a). These essential elements of Plaintiffs' claims are adjudicated according to what State Farm knew and the basis for *its* claims decision, not what another insurer knew or the basis for its separate claims decision.

5

To permit Plaintiffs to introduce evidence of the Wind Pool adjustment would improperly invite the jury to depart from the above Mississippi law and compare State Farm's adjustment with the Wind Pool's adjustment. That comparison, which would be invited by Plaintiffs, is wholly unrelated to the elements of proof for Plaintiffs' punitive and extra-contractual claims. The Wind Pool's adjustment does not suggest that State Farm bore any malice towards Plaintiffs or that the evidence State Farm uncovered was anything but a reasonable basis to conclude that further ALE was not due. Plaintiffs cannot be permitted to short-circuit Mississippi law on punitive and extra-contractual damages. Nor can such confusion be reasonably cured by instructions from the Court. Rather, such evidence must be excluded *in limine* to prevent the unfair prejudice, confusion of the issues, and misleading of the jury that would ensue. *Cf. Payment v. State Farm Fire & Cas. Co.*, 2008 WL 5381925, at *2 (S.D. Miss. Dec. 18, 2008) (Senter, J.) (applying Fed. R. Evid. 403).

## CONCLUSION

For the foregoing reasons, this Court should order *in limine* that Plaintiffs may not present evidence or testimony regarding their insurance claim with the Mississippi Wind Pool, including the substance, investigation, adjustment, and payment arising from such claim.

Respectfully submitted this the 1st day of February, 2010,

```
/s/  H. Scot Spragins
```
H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA
& SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000
*Attorneys for Defendant*
*State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

I, **H. SCOT SPRAGINS**, one of the attorneys for the Defendant, **STATE FARM FIRE & CASUALTY COMPANY**, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

DATED, February 1, 2010.

>                               */s/  H. Scot Spragins*
>                               H. SCOT SPRAGINS

H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS  38655-0668
(662) 234-4000