**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**DONALD ROBOHM and**
**NATALIE ROBOHM**                                                  **PLAINTIFFS**

**VERSUS**                                    **CIVIL ACTION NO. 1:08cv490-LTS-RHW**

**STATE FARM FIRE &**
**CASUALTY COMPANY**                                                **DEFENDANT**

**REPORT AND RECOMMENDATIONS**

Before the Court is [99] Defendant's April 8, 2010 motion to enforce settlement and for

attorneys' fees and costs associated with the motion.

Plaintiffs filed this lawsuit August 28, 2008, seeking recovery for damages sustained in

Hurricane Katrina.  On February 2, 2010, the undersigned conducted a settlement conference

which concluded with the parties announcing they had reached a settlement of the Plaintiffs'

claims against State Farm.  There is no dispute that the parties agreed as to the amount of the

settlement and that it would be a confidential settlement.  To date, the Robohms have declined to

sign a release to conclude the matter.  The present controversy is over the contents of the release.

At the settlement conference, Counsel for Plaintiffs advised the Court and State Farm that

the Robohms wanted to reserve claims against Haag Engineering.  State Farm took the position

that the settlement must be for any and all claims against State Farm or any person or entity in

privity regarding Plaintiffs' Katrina-related claims.  However, upon the representation by

Plaintiffs' that the claim the Robohms sought to preserve against Haag involved actions which

were not concerned with the Robohms'claims against State Farm, the latter agreed to include the

exception, and counsel for the parties agreed upon the language to be inserted into the release.

On February 5, 2010, State Farm emailed to the Robohms' attorneys a release which included the exception for Plaintiffs' claim against Haag (Exhibit D-2). [1]  On February 8, 2010, State Farm mailed the release to Plaintiff's counsel, along with a joint motion and agreed order of dismissal, and the settlement proceeds.  Exhibit D-13, p. 12.  On February 23, 2010, Plaintiffs' counsel requested some minor changes in the release, to which State Farm promptly  agreed. Exhibits D-3, D-4 and D-5.  Still, Plaintiffs refused to execute the release.  On March 15, 2010, Plaintiffs' attorneys emailed counsel for State Farm the release as "revised by Mr. Robohm." Exhibit D-7.  When State Farm requested that Plaintiffs highlight the proposed changes to the release, Mr. Robohm stated he did not have time to do so.  Exhibit D-8.

The present motion was filed April 8, 2010, and on April 20, 2010, the Court conducted a telephone conference with counsel for the parties regarding the motion to enforce settlement. The conference concluded with counsel being instructed to present an agreed order to the Court on the motion.  On April 22, 2010, counsel for State Farm faxed two proposed orders for review by Plaintiffs' counsel setting forth agreed facts.  However, on May 11, 2010, new counsel entered an appearance on behalf of the Plaintiffs, and Plaintiffs' original counsel moved to withdraw due to a conflict.  See, Docs. [100] and [101].  The undersigned granted the motion to withdraw, and reopened the case to set the in-person hearing on State Farm's motion to enforce settlement.  At the hearing conducted on June 30, 2010, the Court received into evidence several exhibits offered by the parties, and heard testimony from Steve Mullins (Plaintiffs' original counsel), State Farm counsel Scott Spragins, and Donald Robohm.

---

[1]Exhibit references are to exhibits received at the June 30, 2010 hearing on the motion to enforce settlement.

**Discussion**

Because the parties do not dispute that they agreed to settle this lawsuit, and Mississippi law holds that an attorney has apparent authority to settle a case (*Parmley v. 84 Lumber Co.*, 911 So. 2d 569 (Miss. App. 2005), the undersigned is of the opinion that this case was finally settled no later than February 24, 2010, pursuant to the settlement agreement negotiated between counsel for the parties, and agreed upon as of that date when State Farm accepted the changes in the release requested by Plaintiffs' counsel.  Contract principles govern settlement agreements, as such agreements are contracts.  *Id*., at 572.  The settlement agreement (release) emailed by State Farm to counsel for Plaintiffs by on February 5, 2010, and tendered to Plaintiffs' attorneys by regular mail on February 8, 2010, along with a joint motion and agreed order of dismissal, and the settlement proceeds, constituted State Farm's offer for final settlement of this matter. Plaintiffs' attorneys requested changes to the release constituted Plaintiffs' counter-offer, which State Farm accepted on February 24, 2010.  As of that time, the contract was complete.

It is undisputed that the parties agreed at the February 2, 2010 settlement conference on the amount of money which would settle Plaintiff's claims with respect to their insured Hurricane Katrina damages, and that the settlement would be confidential.  According to the testimony of Plaintiffs and their original counsel, the Robohms wanted three exceptions included in the release: (1) Plaintiffs' claim against Haag Engineering for unauthorized use of a photograph of the Robohms' home; (2) a criminal RICO claim against Haag which the Robohms filed with the Mississippi Attorney General in March 2006; and (3) a book Mr. Robohm may write concerning his Hurricane Katrina experiences.

It is undisputed that on February 2, 2010, after leaving the settlement conference at the courthouse, counsel for the parties agreed upon the language to be added to State Farm's standard

release to except from the release Plaintiffs' claim against Haag.  With respect to the RICO

matter, both original and present counsel for Plaintiffs, and the Plaintiffs themselves, agree that

the RICO claim Plaintiffs' want excepted from the release is a criminal proceeding, and that "...a

civil matter cannot settle a criminal proceeding."  If, as a matter of law, the release in this civil

action cannot affect the criminal proceeding, there is no need to include language in the release to

preserve Plaintiffs' purported criminal RICO claim.  Finally, with respect to Mr. Robohm's

intended book, Mr. Robohm testified that, at the time of the settlement conference, he "wanted to

be sure [he] could describe in general terms – not specific terms that would break confidentiality,

but in general terms the process involved in the settlement agreement for those who would read

the book."  The undersigned is of the opinion that the release agreed upon by the parties' counsel

on February 24, 2010 contains nothing to prohibit describing in general terms the process

involved in settling the case, therefore the release required no exception for this purpose.

## RECOMMENDATION

Based upon the foregoing facts as established by the testimony and exhibits presented in

this matter, and applicable law, the undersigned recommends that the Court grant the motion and

enforce the settlement as reflected in Exhibit D-3 including the changes which appear in boldface

type in that document.  The undersigned further recommends that Plaintiffs be assessed

Defendant's reasonable attorney's fees incurred after February 24, 2010 in the amount of

$10,000.00, as reflected in Exhibit D-6,[2] and that Defendant be allowed to deduct said fees from

the settlement amount to which the parties agreed on February 2, 2010.

---

[2]Although Exhibit D-6 includes none of the expenses incurred for the hearing, it actually reflects expenses in excess of $10,000.00 incurred from February 24, 2010 up to the date of the hearing.  The $10,000.00 figure is the amount which State Farm requested in its proposed findings of fact and conclusions of law.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi* (effective December 1, 2009), within fourteen (14) days after being served a copy of this Report and Recommendation, any party who objects to the Report and Recommendation must file with the Clerk of this Court his written objections to the Report and Recommendation, and must serve said objections upon the other parties and submit them to the assigned District Judge.  Within seven (7) days of service of the objection, the opposing party or parties must either serve and file a response or notify the District Judge that they do not intend to respond to the objection.  An objecting party must specifically identify those findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections.  A party who fails to file written objects to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 30th day of September, 2010.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE